# EXHIBIT A

# IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, L.L.C.  )
             )
    Plaintiff,     )  CIVIL ACTION FILE
             )  NO.: CH-14-1553-3
v.            )
             )
CARROLL MANAGEMENT GROUP, LLC )
d/b/a CARROLL ORGANIZATION and  )
CARROLL PROPERTY MANAGEMENT, LLC, )
and HEDIGER ENTERPRISES, INC.   )
             )
    Defendant.    )

## INDEX OF RECORD (FOR PURPOSES OF REMOVAL)

| NO. | PLEADING | DATE FILED |
|---|---|---|
| 1. | Complaint for Breach of Contract and Other Relief | 10/22/2014 |
| 2. | Summons for Carroll Management Group, LLC | 10/22/2014 |
| 3. | Summons for Hediger Enterprises, Inc. | 10/22/2014 |
| 4. | Defendants Carroll Management Group, LLC, Carroll Property Management, LLC and Hediger Enterprises, Inc.'s Unopposed Motion and Incorporated Memorandum of Law in Support of Enlargement of Time to Respond to Complaint | 12/05/2014 |
| 5. | Notice of Appearance  - D. Scott Bennett & Jeffrey E. Nicoson on behalf of Defendants Carroll Management Group, LLC, Carroll Property Management, LLC, and Hediger Enterprises, Inc. | 12/15/2014 |
| 6. | Agreed Order Extending Defendants' Time to Respond to Plaintiff's Complaint | 12/15/2014 |
| 7. | Agreed Order Extending Defendants' Time to Respond to Plaintiff's Complaint | 12/19/2014 |
| 8. | Amended Complaint for Breach of Contract and Other Relief | 02/05/2015 |
| 9. | Order of Dismissal Without Prejudice as to Carroll Management Group, LLC Only | 02/10/2015 |
| 10. | Motion for Admission *Pro Hac Vice* of Attorney Steven J. Pritchett | 03/12/2015 |

| NO. | PLEADING | DATE FILED |
|---|---|---|
| 11. | Motion for Admission *Pro Hac Vice* of Attorney Simon R. Malko | 03/12/2015 |
| 12. | Answer and Affirmative Defenses of Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc. | 03/12/2015 |
| 13. | Plaintiff's First Set of Interrogatories and First Request for Production of Documents to Defendant Hediger Enterprises, Inc. | 03/27/2015 |
| 14. | Plaintiff's First Set of Interrogatories and First Request for Production of Documents to Defendant Carroll Property Management, LLC | 03/27/2015 |
| 15. | Defendant Carroll Property Management, LLC's Responses and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents | 05/20/2015 |
| 16. | Defendant Hediger Enterprises, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents | 05/20/2015 |
| 17. | Defendant Carroll Property Management, LLC's First Requests for Admissions to Plaintiff Forest Creek Townhomes, LLC | 07/15/2015 |
| 18. | Defendant Carroll Property Management, LLC's First Requests for Production of Documents to Plaintiff Forest Creek Townhomes, LLC | 07/15/2015 |
| 19. | Defendant Carroll Property Management, LLC's First Set of Interrogatories to Plaintiff Forest Creek Townhomes, LLC | 07/15/2015 |
| 20. | Subpoena *Duces Tecum* and to Take Deposition (MLG&W) | 07/23/2015 |
| 21. | Response of Plaintiff Forest Creek Townhomes, LLC to Defendant Carroll Property Management, LLC's First Request for Admissions | 08/14/2015 |

9627278 v1



FILED
SHELBY COUNTY
CHANCERY COURT
OCT 22 2014
DONNA L. RUSSELL, C & M
TIME:_____ BY:_____

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, L.L.C,

     Plaintiff,

vs.                                                  No. CH-14-1553-3

CARROLL MANAGEMENT GROUP, LLC d/b/a
CARROLL ORGANIZATION and CARROLL PROPERTY
MANAGEMENT, LLC; and
HEDIGER ENTERPRISES, INC.,

     Defendants.

---

### COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

---

To the Chancellors of the Chancery Court for the Thirtieth Judicial District:

    COMES NOW, Plaintiff Forest Creek Townhomes, L.L.C ("Forest Creek"), by and through counsel, and for its cause of action against Defendants Carroll Management Group, LLC, d/b/a Carroll Organization and Carroll Property Management, LLC (collectively "Carroll" unless specified) and Hediger Enterprises, Inc. ("Hediger"), would respectfully show and state as follows:

### PARTIES

    1.    Forest Creek is a Tennessee limited liability company.

    2.    Upon information and belief, Carroll is a Georgia limited liability company authorized to transact business in the state of Tennessee that can be served with process through its registered agent in this state, C.T. Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee.

1

3.      Upon information and belief, Hediger is a South Carolina corporation that is presently not authorized to transact business in the state of Tennessee that can be served with process through its registered agent in this state, C.T. Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-11-102.

5.      The real property that is the subject matter of this dispute is located in Shelby County, Tennessee. As such, this Court has personal jurisdiction over all Defendants, and Shelby County, Tennessee is the proper venue for this action.

## FACTS

6.      On July 10, 2007, MPI Coventry Village, LLC and Miles Properties, Inc. entered into an Asset Management Agreement (the "Management Agreement") regarding certain real property and improvements, including an apartment complex, located at 1305 Turkey Run Lane, Memphis, Tennessee ("Property").  Among other things, Miles Properties, Inc. agreed to provide certain commercial property management services to MPI Coventry Village, LLC pursuant to the terms and conditions of the Management Agreement.

7.      In or around July of 2010, Carroll acquired Hediger.

8.      On September 17, 2010, pursuant to a Bankruptcy Court Order, Carroll and/or Hediger acquired the interest and duties of Miles Properties, Inc. in connection with the Management Agreement, and Carroll and/or Hediger subsequently managed the Property for MPI Coventry Village, LLC, pursuant to said Agreement. Upon information and belief, Carroll and/or Hedinger are in possession of the Management Agreement.

2

9.      On September 27, 2011, Highland Creek Acquisition, LLC purchased the Property, and all rights, title and interests in connection therewith, and including but not limited to the Management Agreement, from MPI Coventry Village, LLC.

10.     Subsequent to September 27, 2011, Highland Creek Acquisition, LLC assigned all of its right, title, and interests in the Property, and including but not limited to the Management Agreement, to Forest Creek.

11.     Pursuant to the Management Agreement, Carroll and/or Hediger were the "sole and exclusive manager, rental agent and rehabilitation supervisor" of the Property prior to September 27, 2011.

12.     Among other things, the Management Agreement required Carroll and/or Hediger to "manage, operate, and maintain the Premises and carry out any rehabilitation activities in a commercially reasonable manner," and to "make or cause to be made all repairs, replacements, alterations, additions, improvements and decorations in and to the Premises as Manager may reasonably determine advisable...."

13.     Carroll and/or Hediger failed to properly secure certain portions of the Property, and certain buildings on the Property were improperly enclosed. As a result of the failure by one or more of said Defendants to properly secure the Property, substantial quantities of copper piping were stolen from the Property.

14.     As a result of the failure by one or more of the Defendants to ensure that water services to certain vacant and otherwise inaccessible units on the Property were disconnected, significant amounts of water infiltrated multiple units on the Property, many of which are now contaminated with mold which must be abated and removed.

15.     Prior to September 27, 2011, the authorized agents of Carroll and/or Hediger represented that no mold existed in any units of the Property.

## COUNT I – BREACH OF CONTRACT

16.     Forest Creek restates and incorporates herein by reference the allegations of the preceding paragraphs 1 – 16.

17.     Carroll and/or Hediger materially breached the Management Agreement as a result of, among other things, their failure to manage, operate and maintain the Property in a commercially reasonable manner, and to make all necessary repairs at the Property.

18.     As a direct and proximate result of Defendants' material breaches of the Management Agreement, Forest Creek has sustained damages in an amount to be proven at trial, but in no event less than the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00).

## COUNT II– NEGLIGENT MISREPRESENTATION

19.     Plaintiff restates and incorporates herein by reference the allegations of the preceding paragraphs 1 – 19.

20.     Carroll and/or Hediger, acting by and through their authorized agents, employees and representatives, were acting in the course of their business and duties as commercial property managers in connection with the management and sale of the Property to Highland Creek Acquisition, LLC.

21.     In the course of acting as commercial property managers, Carroll and/or Hediger negligently supplied information to Highland Creek Acquisition, LLC that was false, misleading and otherwise incorrect, and including but not limited to its representation(s) that no mold existed in any units of the Property.

22.     Carroll and/or Hediger failed to exercise reasonable care or competence in

4

obtaining the false, misleading and otherwise incorrect information set forth in the preceding paragraph, or failed to exercise reasonable care or competence in communicating such information.

23.     Carroll and/or Hediger intended the false, misleading and otherwise incorrect information to guide Highland Creek Acquisition, LLC in connection with its purchase of the Property.

24.     Highland Creek Acquisition, LLC justifiably relied upon the false, misleading and otherwise incorrect information provided to it by one or more of the Defendants as set forth above.

25.     Forest Creek has suffered damages as a result of its reliance on the false, misleading and otherwise incorrect information provided by said Defendants in an amount to be proven at trial, but in no event less than the sum of $750,000.00.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Forest Creek Property, LLC respectfully prays as follows:

1.     That service of process issue against all Defendants, requiring them to appear and answer this Complaint within the time required by law;

2.     That Plaintiff be awarded a judgment against both Defendants, jointly and severally, in an amount to be proven at trial, but in no event less than the sum of $750,000.00, pursuant to Counts I and II of this Complaint;

3.     That Plaintiff be awarded interest on all such amounts;

5.     That a jury be empanelled for the trial of this cause; and

6.     That Plaintiff be awarded such further and general relief to which it may be entitled.

5

Respectfully submitted,

ADAM M. NAHMIAS (#16227)
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee  38103
(901) 343-0777
Attorneys for Plaintiff

## Rosalind Whitlock

**From:** Jennifer Wallace
**Sent:** Wednesday, December 03, 2014 4:22 PM
**To:** Everyone-MMM
**Subject:** New File Numbers for 12/3/14
**Attachments:** Book1.xlsx

### Client Matter Numbers Assigned 12/3/14

| Client Number | Matter Number | Client | Matter |
|---|---|---|---|
| 14780 | 102435 | CBRE Capital Markets, Inc. | Oaks of Denton Apartments |
| 14780 | 102436 | CBRE Capital Markets, Inc. | Montfort Crossing Apartments |
| 15042 | 102428 | Taiwan Advance Patent & Trademark Office | [102US12262] NPA ELECTRICAL RADIOGRAPHY |
| 20656 | 102418 | Live Oak Lending Company | Doctors Pharmacy - Vital Care, Inc. |
| 20899 | 102444 | Kemp Little LLP | SITA/Oracle |
| 23987 | 102429 | Hisense USA Corporation | [H2014T0078US] NPA METHOD AND APPARATUS |
| 25046 | 102446 | CRE Venture 2011-1, LLC | Plaza at Suwanee (Phase II) - Ln #302822 |
| 25216 | 102432 | Carroll Organization, LLC | Forest Creek Litigation |
| 26711 | 102448 | Pro Bono Files | Liberia Avenue Lease |
| 26734 | 102433 | Hamilton State Bank | A4633 Construction loan 1 Lot / Northsid |
| 26805 | 102447 | Stonehill Strategic Capital, LLC | Country Inn and Suites, Warner Robins, G |
| 27985 | 102419 | mGage, LLC | Corporate Organizational Matters |
| 28727 | 102431 | SunCap Property Group | FedEx Project |
| 28789 | 102425 | Taizhou Dajiang Ind. Co., Ltd | [TBD1] NPA AN EXPLOSIVE DEVICE OF SATURA |
| 28789 | 102426 | Taizhou Dajiang Ind. Co., Ltd | [TBD2] CA AN EXPLOSIVE DEVICE OF SATURAT |
| 29051 | 102434 | Keyworth Bank | G49767 / Northside RE Matter |
| 29324 | 102420 | Concordia Anesthesiology, Inc. | General Corporate |
| 29325 | 102421 | Lowery, Lang | James Lowe |
| 29326 | 102422 | Jones, Reggie | Laura Waggoner |
| 29327 | 102423 | SMTT | Carrollton - Zoning |
| 29328 | 102424 | Merchant Capital | Wilson - Employment Agreement |
| 29329 | 102427 | McKesson Pharmaceuticals | MAP Contract Development |
| 29330 | 102430 | Nexteer Authomotice Corp. | Darah Worthington |
| 29331 | 102437 | Griffin-American Healthcare REIT, IV | Blue Sky Registration |
| 29331 | 102438 | Griffin-American Healthcare REIT, IV | Board of Directors Matters |
| 29331 | 102439 | Griffin-American Healthcare REIT, IV | Broker-Dealer Matters |
| 29331 | 102440 | Griffin-American Healthcare REIT, IV | FINRA Registration |
| 29331 | 102441 | Griffin-American Healthcare REIT, IV | General |
| 29331 | 102442 | Griffin-American Healthcare REIT, IV | Initial Public Offering |
| 29331 | 102443 | Griffin-American Healthcare REIT, IV | Sales Literature |
| 29332 | 102445 | Castle Hill Investors, LLC | Atlanta Lease Review |

2

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH- 4-1553-3 |
| --- | --- | --- |

| Plaintiff | Defendant |
| --- | --- |
| FOREST CREEK TOWNHOMES, LLC | CARROLL MANAGEMENT GROUP, LLC et. al. |

| TO:   (NAME AND ADDRESS OF DEFENDANT) | |
| --- | --- |
| CARROLL MANAGEMENT GROUP, LLC d/b/a CARROLL | *Method of Service:* |
| ORGANIZATION AND CARROLL PROPERTY MGMT | ☐ Shelby County Sheriff<br>☐ Private Process Server |
| CT CORPORATION SYSTEM | ☐ Out of County Sheriff\*<br>☐ Secretary of State\* |
| 800 S. GAY STREET, SUITE 2021 | ☐ Comm. Of Insurance\*<br>☐ Certified Mail |
| KNOXVILLE, TENNESSEE | ☐ Other<br>          \*Attach Required Fees |

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Adam M. Nahmias<br><br>150 Court, Second Floor<br><br>Memphis, Tennessee 38103<br><br>901-343-0777 | ISSUED _2nd_ of _Oct_ 20_14_<br><br>Donna L. Russell, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br>140 Adams, Room 308   Memphis, TN 38103 |
| --- | --- |
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_02_ day of _Oct_ 20_14_<br><br>Sheriff _W C Bryant_ #B1864 |

| **CERTIFICATION (IF APPLICABLE)** | |
| --- | --- |
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By: _____<br>                              D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

☎ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____ NOV 05 2014 _____, 20 _____ at _____ 9:00A _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____ Carroll Management Group LLC

LINDSEY ROWLAND                           W.C. Bryant #B1864

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20 _____ | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____ Notary Public or _____ Deputy Court Clerk: _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |

**3**

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH-14-1557-3 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| FOREST CREEK TOWNHOMES, LLC | CARROLL MANAGEMENT GROUP, LLC et. al. |

TO:    (NAME AND ADDRESS OF DEFENDANT)

HEDIGER ENTERPRISES, INC.

CT CORPORATION SYSTEM

800 S. GAY STREET, SUITE 2021

KNOXVILLE, TENNESSEE

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☒ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
    \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Adam M. Nahmias<br><br>150 Court, Second Floor<br><br>Memphis, Tennessee 38103<br><br>901-343-0777 | ISSUED 22nd of Oct , 20 14<br><br>Donna L. Russell, Clerk and Master<br>By Jennie Sta<br>Deputy Clerk & Master<br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF: | Came to hand<br>22 day of Oct , 20 14<br><br>Sheriff J C Bryant #B1864 |

**CERTIFICATION (IF APPLICABLE)**

I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

Donna L. Russell, Clerk & Master
By Jennie Sta
                    D. C. & M.

\*\*Submit one original and one copy for each defendant to be served.

℅ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-23

**Notice of Personal Property Exemption:**
    TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of ___NOV 0 5 2014___ , 20 _____ at _9:20_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____ _LINDSEY ROWLAND_ _____ _Hediger Enterprises_

_____ _W.C. (_____ #) HB1364_

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____. I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20 _____, I

received the return receipt, which had been signed by _____ on the _____ day of _____

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of | Signature of Plaintiff, Plaintiff's attorney or other person |
|---|---|
| _____, 20 _____. | authorized by statute to serve process. |
| Signature of ____Notary Public or ____Deputy Court Clerk: | |
| _____ | |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, LLC )
)
    Plaintiff, )
)
v. )   No. CH-14-1553-3
)   JURY DEMANDED
CARROLL MANAGEMENT GROUP, )
LLC d/b/a CARROLL ORGANIZATION )
and CARROLL PROPERTY )
MANAGEMENT, LLC; and HEDIGER )
ENTERPRISES, INC., )
)
    Defendants. )

> FILED
> SHELBY COUNTY
> CHANCERY COURT
> DEC 0 5 2014
> DONNA L. RUSSELL, C & M
> TIME: 9:05  BY: PB

DEFENDANTS CARROLL MANAGEMENT GROUP, LLC, CARROLL PROPERTY
MANAGEMENT, LLC AND HEDIGER ENTERPRISES, INC.'S
UNOPPOSED MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT
OF ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT

    COME NOW Defendants Carroll Management Group, LLC, Carroll Property
Management, LLC (collectively, "Carroll") and Hediger Enterprises, Inc. ("Hediger")
(collectively, Carroll and Hediger are "Defendants") and herein move this Court for an additional
fourteen (14) days for Defendants to respond to the Complaint in this action ("Motion").

**FACTS AND PROCEDURAL POSTURE**

    On October 22, 2014, Plaintiff filed its Complaint. Carroll and Hediger were both served
on November 5, 2014, and their deadline to file a responsive pleading is December 5, 2014. The
undersigned was only recently engaged by Defendants in this matter. Accordingly, this Motion
respectfully requests an additional fourteen (14) days, up to and including **December 19, 2014,**

9150302 v2

for Defendants to respond to the Complaint. Plaintiff's counsel has confirmed that Plaintiff does not oppose this Motion or the relief Defendants seek herein.

## LAW AND ARGUMENT

Rule 6.02 of the Tennessee Rules of Civil Procedure authorizes this Court, "for cause shown," to enlarge the initial response period, if a request to enlarge time is made before expiration of the initial period in which a response is due. Further, according to the Advisory Commission Comment to Rule 6.02, "[e]xtension [of time] is to be allowed liberally when request is made before the original period . . . has expired."

Here, Defendants are filing this Motion to Enlarge Time within the initial response period. Further, Defendants respectfully submit that it needs additional time to fully and adequately investigate and respond to the allegations set forth in the Complaint. Plaintiff will not be prejudiced by the short extension of time Carroll is seeking – as evidenced by Plaintiff's non-opposition to the Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Carroll respectfully prays that an order issue granting Carroll a fourteen (14) day enlargement of time, up to and through December 19, 2014, to respond to Plaintiff's Complaint.

2

Respectfully submitted this 4th day of December, 2014.

MORRIS, MANNING & MARTIN LLP

_____
Carla S. Johnson, Esq. (TN Bar No. #28299)

3343 Peachtree Road, N.E.
Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

Attorney for Defendants Carroll Management
Group, LLC, Carroll Property Management,
LLC, and Hediger Enterprises, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document has been properly served upon Adam M. Nahmias, Law Offices of Libby & Nahmias, 150 Court Avenue, Memphis, Tennessee 38103 via U.S. Mail, postage prepaid, this 4th day of December, 2014.

_____
Carla S. Johnson

3



FILED
SHELBY COUNTY
CHANCERY COURT
DEC 15 2014
DONNA L. RUSSELL, C & M
TIME: _____ BY: _____

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | |
| CARROLL MANAGEMENT GROUP, | ) | |
| LLC d/b/a CARROLL ORGANIZATION | ) | |
| and CARROLL PROPERTY | ) | |
| MANAGEMENT, LLC; and HEDIGER | ) | |
| ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE

Defendants Carroll Management Group, LLC, Carroll Property Management, LLC and Hediger Enterprises, Inc., without waiving any affirmative defenses, including, but not limited to, jurisdiction, venue, or service of process, state to this Honorable Court that D. Scott Bennett and Jeffrey E. Nicoson of Leitner, Williams, Dooley & Napolitan, PLLC will be representing Defendants as co-counsel in this cause of action and request that Messrs. Bennett and Nicoson be entered as a counsel of record by the Clerk of the Court.

The undersigned counsel hereby request that all notices given or required to be given, and all pleadings served or required to be served, in this case be given to and served upon the undersigned at the addresses indicated below.

9161460 v2

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

By: _D. Scott Bennett_____

D. Scott Bennett, # 015988
801 Broad Street, Third Floor
Chattanooga, Tennessee 37402
Phone: (423) 265-0214
Fax: (423) 266-0594
scott.bennett@leitnerfirm.com

Jeffrey E. Nicoson, # 027445
Brinkley Plaza, Suite 800
80 Monroe Avenue
Memphis, Tennessee 38103
Phone: (901) 527-0214
Fax: (901) 527-8224
jeff.nicoson@leitnerfirm.com

Attorneys for Defendants Carroll
Management Group, LLC, Carroll
Property Management, LLC, and
Hediger Enterprises, Inc.

9161460 v2

2

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam M. Nahmias (TN Bar No. 016227)
LAW OFFICES OF LIBBY & NAHMIAS
150 Court Avenue
Memphis, Tennessee 38103
(901) 343-0777

Attorney for Plaintiff Forest Creek Townhomes, LLC

Simon R. Malko (GA Bar No. 467190)
    (*pro hac vice* admission pending)
Steven Pritchett (GA Bar No. 142309)
    (*pro hac vice* admission pending)
Kelly A. Christian (GA Bar No. 517091)
    (*pro hac vice* admission pending)
Carla Johnson (TN Bar. No. 028299)
MORRIS, MANNING & MARTIN LLP
3343 Peachtree Road, N.E.
Suite 1600
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532

Attorneys for Defendants Carroll Management Group, LLC, Carroll Property Management, LLC, and Hediger Enterprises, Inc.

This the 15th day of December, 2014.

Jeffrey E. Nicoson

9161460 v2

3



IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | |
| CARROLL MANAGEMENT GROUP, | ) | |
| LLC d/b/a CARROLL ORGANIZATION | ) | |
| and CARROLL PROPERTY | ) | |
| MANAGEMENT, LLC; and HEDIGER | ) | |
| ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER EXTENDING DEFENDANTS' TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

As evidenced by their signatures below, the parties to this matter agree that Defendants Carroll Management Group, LLC, Carroll Property Management, LLC and Hediger Enterprises, Inc. shall have up to and through December 19, 2014 to respond to Plaintiff's Complaint in this action.

SO ORDERED this the 15th day of December 2014.

OSCAR C. CARR III
CHANCELLOR

A TRUE COPY-ATTEST
Donna L. Russell, Clerk & Master

By _____ D.C. & M.

9161460 v2

AGREED TO BY:

*Adam. Nahmias by perm*
*Jeff Nicoson, #027445*
Adam M. Nahmias (TN Bar No.
016227)
LAW OFFICES OF LIBBY &
NAHMIAS
150 Court Avenue
Memphis, Tennessee 38103
(901) 343-0777

Attorney for Plaintiff Forest Creek
Townhomes, LLC

AGREED TO BY:

*Jeff Nicoson*
D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN,
PLLC
80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

Simon R. Malko (GA Bar No. 467190)
    (*pro hac vice* admission pending)
Steven Pritchett (GA Bar No. 142309)
    (*pro hac vice* admission pending)
Kelly A. Christian (GA Bar No. 517091)
    (*pro hac vice* admission pending)
Carla Johnson (TN Bar. No. 028299)
MORRIS, MANNING & MARTIN LLP
3343 Peachtree Road, N.E.
Suite 1600
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532

Attorneys for Defendants Carroll Management
Group, LLC, Carroll Property Management, LLC,
and Hediger Enterprises, Inc.

9161460 v2

2

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam M. Nahmias
LAW OFFICES OF LIBBY & NAHMIAS
150 Court Avenue
Memphis, Tennessee 38103
(901) 343-0777

Attorney for Plaintiff Forest Creek
Townhomes, LLC

This the 15th day of December, 2014.

Jeffrey E. Nicoson

9161460 v2

3



IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | |
| CARROLL MANAGEMENT GROUP, | ) | |
| LLC d/b/a CARROLL ORGANIZATION | ) | |
| and CARROLL PROPERTY | ) | |
| MANAGEMENT, LLC; and HEDIGER | ) | |
| ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER EXTENDING DEFENDANTS' TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

As evidenced by their signatures below, the parties to this matter agree that Defendants Carroll Management Group, LLC, Carroll Property Management, LLC and Hediger Enterprises, Inc. shall have up to and through January 9, 2015, to respond to Plaintiff's Complaint in this action.

SO ORDERED this the _____ day of _____, 2014.

**OSCAR C. CARR III**

_____
CHANCELLOR

DEC 1 9 2014

A TRUE COPY-ATTEST
Donna L. Russell, Clerk & Master

By _____
                                    D.C. & M.





IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, L.L.C,

    Plaintiff,

vs.                                                            No. CH-14-1553-3
                                                               JURY DEMANDED

CARROLL PROPERTY
MANAGEMENT, LLC; and
HEDIGER ENTERPRISES, INC.,

    Defendants.

---

### AMENDED COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

---

To the Chancellors of the Chancery Court for the Thirtieth Judicial District:

COMES NOW Plaintiff Forest Creek Townhomes, L.L.C ("Forest Creek"), by and through counsel, and for its Amended Complaint against DefendantsCarroll Property Management, LLC ("Carroll") and Hediger Enterprises, Inc. ("Hediger"), would respectfully show and state as follows:

## PARTIES

1.    Forest Creek is a Tennessee limited liability company.

2.    Upon information and belief, Carroll is a Georgia limited liability company authorized to transact business in the state of Tennessee.

3.    Upon information and belief, Hediger is a South Carolina corporation that is presently not authorized to transact business in the state of Tennessee.

## JURISDICTION AND VENUE

1

4.      This Court has subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-11-102.

5.      The real property that is the subject matter of this dispute is located in Shelby County, Tennessee. As such, this Court has personal jurisdiction over all Defendants, and Shelby County, Tennessee is the proper venue for this action.

## FACTS

6.      On July 10, 2007, MPI Coventry Village, LLC and Miles Properties, Inc. entered into an Asset Management Agreement (the "Management Agreement") regarding certain real property and improvements, including an apartment complex, located at 1305 Turkey Run Lane, Memphis, Tennessee ("Property"). A copy of said Management Agreement is attached hereto as Exhibit A and incorporated herein by reference. Among other things, Miles Properties, Inc. agreed to provide certain commercial property management services to MPI Coventry Village, LLC pursuant to the terms and conditions of the Management Agreement.

7.      In or around July of 2010, Carroll acquired Hediger.

8.      On September 17, 2010, Carroll entered into an "Asset Purchase Agreement" with Mile Properties, Inc. whereby Carrol acquired the interest, obligations and duties of Miles Properties, Inc. in connection with the Management Agreement. Carroll and/or Hediger, as the assignee of Carroll, subsequently managed the Property pursuant to the Management Agreement.

9.      On September 27, 2011, Highland Creek Acquisition, LLC purchased the Property, and all rights, title and interests in connection therewith, and including but not limited to the Management Agreement, from MPI Coventry Village, LLC.

10.      Subsequent to September 27, 2011, Highland Creek Acquisition, LLC assigned all of its right, title, and interests in the Property and Management Agreement to Forest Creek.

11.    Pursuant to the Management Agreement, Carroll and/or Hediger were the "sole and exclusive manager, rental agent and rehabilitation supervisor" of the Property prior to September 27, 2011. See Management Agreement, at Section 1.

12.    Among other things, the Management Agreement required Carroll and/or Hediger to "manage, operate, and maintain the Premises and carry out any rehabilitation activities in a commercially reasonable manner," and to "make or cause to be made all repairs, replacements, alterations, additions, improvements and decorations in and to the Premises as Manager may reasonably determine advisable…." See Management Agreement, at Section 3.

13.    Among other things, Carroll and/or Hediger failed to properly secure certain portions of the Property, and certain buildings on the Property were improperly enclosed. As a result of the failure by one or more of these Defendants to properly secure the Property, substantial quantities of copper piping were stolen from the Property.

14.    Subsequent to the theft of the copper piping described above, and as a result of the failure by one or more of the Defendants to properly maintain and operate the Property to ensure that water services to certain vacant and otherwise inaccessible units on the Property were disconnected, significant amounts of water infiltrated multiple units on the Property, many of which are now contaminated with mold which must be abated and removed.

15.    Prior to September 27, 2011, the authorized agents of Carroll and/or Hediger represented that no mold existed in any units of the Property.

## COUNT I – BREACH OF CONTRACT

16.    Forest Creek restates and incorporates herein by reference the allegations of the preceding paragraphs 1 – 15.

3

17.     Carroll and/or Hediger materially breached the Management Agreement as a result of, among other things, their failure to manage, operate and maintain the Property in a commercially reasonable manner, and to make all necessary repairs at the Property.

18.     As a direct and proximate result of Defendants' material breaches of the Management Agreement, Forest Creek has sustained damages in an amount to be proven at trial, but in no event less than the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00).

## COUNT II– NEGLIGENT MISREPRESENTATION

19.     Plaintiff restates and incorporates herein by reference the allegations of the preceding paragraphs 1 – 18.

20.     Carroll and/or Hediger, acting by and through their authorized agents, employees and representatives, were acting in the course of their business and duties as commercial property managers in connection with the management and sale of the Property to Highland Creek Acquisition, LLC.

21.     In the course of acting as commercial property managers, Carroll and/or Hediger negligently supplied information to Highland Creek Acquisition, LLC that was false, misleading and otherwise incorrect, and including but not limited to its representation(s) that no mold existed in any units of the Property.

22.     Carroll and/or Hediger failed to exercise reasonable care or competence in providing the false, misleading and otherwise incorrect information set forth in the preceding paragraph, or failed to exercise reasonable care or competence in communicating such information.

23.     Carroll and/or Hediger knew or should have known that the false, misleading and otherwise incorrect information provided to Highland Creek Acquisition, LLC would be relied

4

upon by Highland Creek, LLC in connection with its purchase of the Property.

24.     Highland Creek Acquisition, LLC justifiably relied upon the false, misleading and otherwise incorrect information provided to it by one or more of the Defendants as set forth above.

25.     Forest Creek has suffered damages as a result of its reliance on the false, misleading and otherwise incorrect information provided by Defendants in an amount to be proven at trial, but in no event less than the sum of $750,000.00

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Forest Creek Property, LLC respectfully prays as follows:

1.     That service of process issue against all Defendants, requiring them to appear and answer this Amended Complaint within the time required by law;

2.     That Plaintiff be awarded a judgment against Defendants, jointly and severally, in an amount to be proven at trial, but in no event less than the sum of $750,000.00, pursuant to Counts I and II of this Complaint;

3.     That Plaintiff be awarded interest on all such amounts;

5.     That a jury be empanelled for the trial of this cause; and

6.     That Plaintiff be awarded such further and general relief to which it may be entitled.

Respectfully submitted,

ADAM M. NAHMIAS (#16227)
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee 38103
(901) 343-0777
Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to:

Steven J. Pritchett, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

via email and U.S. Mail, postage prepaid this _5_ day of February, 2015.

Jeffrey E. Nicoson
Leitner, Williams, Dooley & Napolitan
80 Monroe, Suite 800
Memphis, Tennessee 38103

via hand delivery, this _5_ day of February, 2015.

ADAM M. NAHMIAS

## ASSET MANAGEMENT AGREEMENT

THIS ASSET MANAGEMENT AGREEMENT (the "Agreement") made effective as of the 10th day of _July_, 2007, between MILES PROPERTIES, INC. a Georgia corporation (dba Miles Properties Manager, Inc. "Manager") and MPI COVENTRY VILLAGE, LLC, a Georgia limited liability company ("Owner").

## WITNESSETH

WHEREAS, Owner owns or will hereafter own the real property and improvements located at 1305 Turkey Run Lane, Memphis, Tennessee 38116, which property is improved with one or more multi-family apartment buildings consisting of 470 units, more or less, (the "Premises"), which Premises are presently known as the Coventry Village Apartments; and

WHEREAS, Manager is experienced in the business of managing multifamily apartment complexes such as the Premises; and

WHEREAS, Owner, and the principals of Owner, desire to appoint Manager to manage the Premises and, subject to the terms of this Agreement, Manager desires to accept such appointment;

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, Owner and Manager agree as follows:

1.    Owner hereby appoints Manager as the sole and exclusive manager, rental agent and rehabilitation supervisor of the Premises for the period commencing as of the effective date Owner acquires title to the Premises and continuing until terminated pursuant to the terms and conditions hereof.

2.    Manager hereby accepts such appointment and agrees to perform the duties, obligations and services described in this Agreement, including, without limitation, those specific duties, obligations and services described in this Section 2 and Section 3 below. All such services shall be performed in accordance with applicable laws, regulations, orders, rules and determinations of any federal, state or municipal authority.

(a)    Manager shall manage, operate and maintain the Premises and carry out any rehabilitation activities in a commercially reasonable manner. Manager shall act in a fiduciary capacity with respect to the proper protection of and accounting for Owner's assets. In this capacity, Manager shall deal at arms length with all third parties and Manager shall serve Owner's interests at all times. Manager shall use its commercially reasonable efforts in the management of the Premises and the rehabilitation thereof, including as applicable, collection of rents, any rehabilitation of the Premises, and any sale of units. In the event Owner notifies Manager that it desires to pursue a sale of the Premises, Manager shall use its commercially reasonable efforts to effect a sale on such terms and conditions as may be approved by Owner, including the retention of a reputable real estate brokerage firm if necessary, coordination of the potential buyer's due diligence investigation, scheduling and supervising property tours and other marketing activities, and



administration of the closing and sale proceeds transfer process through any escrow agent designated by Owner.

(b)   Should any claims, demands, suits or other legal proceedings be made or instituted by any person against Owner which arise out of any of the matters relating to this Agreement, Manager shall give Owner all pertinent information and reasonable assistance in the defense or other disposition thereof.

(c)   All services contracts shall include a provision for cancellation thereof by Manager upon not less than thirty (30) days written notice, but only to the extent same is customary for the type of service contract in question.

(d)   When Manager deems it appropriate, contracts for repairs, capital improvements, goods and services may be awarded on the basis of competitive bidding.

(e)   Manager shall maintain adequate and separate books and records for the Premises.

3.   Owner hereby authorizes Manager, and Manager hereby agrees, to perform the following in the name of, for the account of, and at the cost and expense of the Owner:

(a)   Execute, as applicable, all leases, renewals or extensions or agreements for the rental, occupancy, improvement or operation of said Premises, or any part thereof.

(b)   Collect all rents, as applicable, and other income from the Premises and when necessary, as directed by Owner, institute all legal actions or proceedings for the collection of rent or other amounts from said Premises, or the ousting or dispossession of tenants and other persons therefrom, and engage attorneys acceptable to Owner for any such matters.

(c)   Hire, promote, discharge and supervise employees as Manager may reasonably determine advisable to be employed in the care, management or operation of said Premises. It is understood and agreed that all such employees are in the employ of Manager; however, the costs for on-site employees, including wages, benefits, insurance and payroll taxes, shall be paid by Manager from the property revenues or otherwise as an additional charge to Owner for services hereunder.

(d)   Make or cause to be made all repairs, replacements, alterations, additions, improvements and decorations in and to the Premises as Manager may reasonably determine advisable, including all improvements or renovations consistent with the development or renovation plan prepared by Owner, if any.

(e)   Purchase or contract for the purchase of all supplies and materials as Manager may reasonably determine advisable for the Premises or the development thereof.

(f)   Make all contracts for construction, improvement, renovation, architecture, legal, accounting, surveying, insurance, planning, electricity, gas fuel, steam, water, telephone, widow cleaning, rubbish removal, laundry service, exterminating,

equipment maintenance, and other such services, or such of them as Manager shall reasonably deem advisable relative to the Premises, common areas or the development thereof.

(g)     Use commercially reasonable efforts to achieve the performance results for the Premises per the scope and budget provided by Owner.

4.     Manager shall render to Owner, on or before the 20th day of the following month, a monthly statement of receipts and disbursements for the preceding month. In addition:

(a)     Manager shall prepare and submit to Owner a proposed operating budget and a proposed capital budget for the promotion, operation, repair, improvement and maintenance of the Premises for the forthcoming calendar year. Each proposed budget shall be delivered to Owner no later than December 1 of each preceding calendar year. Manager shall be and is hereby expressly authorized to request draws from any ongoing reserve account(s) for the Premises established and maintained from time to time with any lenders.

(b)     During the calendar year, Manager shall inform Owner of any major increases in costs and expenses that were not foreseen during the budget preparation period. Manager shall use all reasonable efforts to procure that the aggregate amount of the operating budget and the capital budget for any year are not exceeded.

5.     (a)     All monies furnished by Owner as working funds and all monies received by Manager for or on behalf of Owner shall be deposited by Manager in a bank mutually approved by Owner and Manager in account(s) maintained by Manager for the benefit of Owner and not co-mingled with the other funds of Manager, and shall be disbursed by Manager in such amounts and at such times as the same are required to pay for obligations, liabilities, costs, expenses and fees (including, without limitation, the compensation of Manager as hereinafter provided) arising on account of or in connection with, and permitted by, this Agreement. All monies received by Manager for or on behalf of Owner shall be and remain the property of Owner; said account shall be a separate and exclusive account created for the Premises.

(b)     Owner shall be responsible for payment of all obligations, liabilities, costs, expenses and fees arising under the terms of this Agreement, which shall be paid by Owner if and when the cash flow from the Premises is not sufficient to cover such obligations.

(c)     Owner shall reimburse Manager promptly for any monies which Manager may elect to advance for the account of Owner to pay expenses or obligations in accordance with the terms of this Agreement. Nothing herein contained, however, shall be construed to obligate Manager to make any such advances.

(d)     Manager shall pay from such account(s) when due interest or amortization on mortgages, taxes or assessments and other appropriate charges and obligations relative to the Premises unless otherwise specifically directed by Owner.

MPI Coventry Village, LLC – Memphis, Tennessee
Asset Management Agreement                                    3

6.    Manager is provided with such other general authority and powers as may be necessary or advisable to perform its obligations under this Agreement.

7.    Manager shall, at Owner's cost and expense, use its commercially reasonable efforts to promptly remedy any violation of any law, ordinance, rule, regulation or order relating to the Premises which comes to its attention.  Upon obtaining knowledge thereof, Manager shall promptly notify Owner.  Upon obtaining knowledge thereof, Owner shall promptly notify Manager, of any violation, order, rule or determination of any federal, state or municipal authority affecting the Premises. Manager shall promptly remedy at its own cost and expense any violation of any law, ordinance, rule, regulation or order relating to Manager's performance of its obligations under this Agreement which comes to its attention.

8.    (a)    Except as otherwise excluded in this Section 8, Owner agrees to indemnify and hold and save Manager free and harmless from any and all damages or injuries to person or property, or claims, actions, obligations, liabilities, costs, expenses and fees relative to the Premises and Manager's operation thereof pursuant to this Agreement or to Manager's actions under the written directions of Owner, to the extent it complies with such directions.  The indemnity from Owner in favor of Manager contained in this Paragraph 8(a) shall not extend to loss, cost, expense or damage suffered or incurred by Manager to the extent it is as a consequence of Manager's negligence.  It is expressly agreed that the foregoing provision of this subparagraph shall survive the termination of this Agreement, but this shall not be construed to mean that Owner's liability does not survive as to other provisions of this Agreement. Manager shall indemnify and hold Owner and its members, owners and partners harmless from any and all claims, demands, causes of action, losses, damages, fines, penalties, liabilities, costs and expenses (except to the extent covered by insurance carried by Owner) sustained or incurred by or asserted against Owner or its members, owners and partners by reason of or arising out of Manager's breach of the duties and obligations required by this Agreement to be performed by it.  Nothing contained in this Agreement shall relieve Manager from responsibility to Owner for the negligence of Manager or for a breach by Manager of its obligations under this Agreement or any applicable law, subject to exceptions for claims, demands, causes of action, losses, damages, fines, penalties, liabilities, costs and expenses covered by insurance carried by Owner.

(b)    Manager shall not be liable to Owner for any good faith error in judgment, nor for any good faith act or omission in the performance of this Agreement to the extent (i) this arises in respect of services relating to the normal operation of the Premises, and (ii) is in an amount which, when aggregated with any other such loss, cost or expense suffered or incurred by the Owner in any calendar year as a result of any such good faith error in judgment or good faith act or omission, is less than four percent (4%) of the gross rental income for such premises in that calendar year.   In the event the aggregate amount of such loss, cost or expense exceeds four percent (4%) of such rental amount in any calendar year, and Manager would otherwise be liable hereunder for such amount, Manager shall be liable only for the amount of such excess and then only to the extent such excess is not covered by insurance carried by Owner.

(c)   Owner agrees to procure and maintain during the term of this Agreement comprehensive general public liability insurance, including appropriate property damage insurance, elevator liability insurance, steam boiler insurance, workman's compensation insurance, and such other insurance as may be advisable for the protection of Owner and Manager or as required from time to time by Owner's lender(s). In each such policy of liability insurance, Owner agrees, upon request of Manager, to designate Manager and its officers and employees as additional insureds. The insurance carrier and the amount of coverage in each such policy shall be mutually agreed upon by Owner and Manager. A certificate of each such policy issued by the carrier shall be delivered to Manager, and shall provide that Manager shall receive at least thirty (30) days prior written notice from the carrier in the event of cancellation or any material change therein. All dividends or return premiums in connection with such insurance shall be paid to the Owner. Manager shall (i) notify the insurance carrier within twenty-four (24) hours after Manager receives notice of any loss, damage, or injury to persons or property, and (ii) agree that Owner shall have the exclusive right, at its option, to conduct the defense to any claim, demand or suit. Manager shall not do or omit to do anything which would result in the vitiation of any policy of insurance referred to in this Paragraph.

(d)   To the extent permitted by its insurance policies, Owner hereby waives and releases any and all claims which it may have against Manager for damages to said Premises or contents therein to the extent that such damage is covered by Owner's insurance policies.

(e)   If the Owner requires a fidelity bond on employees of Owner or the Manager for handling project funds, the Owner shall bear the costs of such bonds provided such costs do not exceed the amount ordinarily paid for similar bonds in the area.

9.   Owner agrees, at Owner's expense, to provide, equip and maintain a suitable office in said Premises for the use of Manager in the discharge of Manager's duties under this Agreement.

10.   Owner hereby grants Manager the privilege of displaying Manager's signs in and upon said Premises announcing that said Premises is under Manager's management.

11.   Owner agrees to pay Manager for the services performed by Manager under this Agreement:

(a)   Base compensation for its regular day-to-day management activities performed for Owner hereunder in the amount of five percent (5.00%) of all gross rental revenues (and ancillary income) generated by the Premises, payable monthly.

(b)   An acquisition fee in an amount equal to one and one-half percent (1.5%) of the gross purchase price of the Premises, payable on the consummation of Owner's acquisition of the Premises, whether directly or indirectly (including without limitation, Owner's acquisition of interests in an entity holding the Premises or foreclosure on debt secured by the Premises).

(c)   A disposition fee in an amount equal to one and three-quarters percent (1.75%) of the gross sales price (including liability assumption) of the Premises. Disposition fees shall be payable on the consummation of Owner's sale or other disposition of the Premises, whether directly or indirectly (including without limitation, any sale of all or substantially all of the interests in Owner).

(d)   Any reasonable direct costs or travel expenses to the Premises and all on-site personnel, properly and necessarily incurred, including without limitation, a rental property manager, administrative support for the Premises office, maintenance, grounds, etc., all as determined in the discretion of Manager, shall be billed directly to Owner and not part of the fees provided herein.

(e)   Manager will also bill Owner for its pro rata share on a per unit basis of Manager's off-site administrative and management expenses and overhead (collectively, the "Pass Through Expenses").

By way of example only, and to illustrate the parties' intent with respect to the Pass Through Expenses, Manager may bill Owner for the cost of certain expenses for services rendered to the Premises based on Manager's total actual cost of providing services to the Premises and other properties managed by Manager. For example, assuming Manager employs six (6) roaming property supervisors (i.e., District Managers) who render services directly benefiting the Premises and other properties managed by Manager which, together with Manager's other off-site administrative and management expenses and overhead, total $2,500,000.00 annually (this is an example only, and not intended to illustrate what current, actual "pass-through" expenses are); and further assuming Manager manages a total of 15,000 apartment units, including the units located at the Premises, then Manager may charge owner for the pro-rata (i.e., 470/15,000) cost of such services. Such calculations of the pro-rata charges to Owner for such services shall be made on a fair and reasonable basis, accounting for any fluctuations in the actual number of apartment units managed by Manager and changes in Manager's actual cost of rendering such services.

(f)   If significant rehabilitation of the Premises is required beyond routine maintenance or there is a casualty loss to the Premises requiring reconstruction of the Premises, the Manager will be entitled to an additional fee as a percentage of the total completed work for supervising and expediting all required improvements and rehabilitation, in an amount equal to eight percent (8.0%) of the cost of the work.

(g)   If Manager is called upon to perform other services not customarily a part of normal, day-to-day operating activities routinely performed by a managing agent, it is agreed that Manager shall receive additional compensation therefore in an amount to be agreed upon between the parties in advance of such services being performed. If Owner undertakes the conversion of all or any portion of the Premises into condominiums, Manager or an affiliate designated by Manager, shall be entitled to receive a supervision/conversion fee in an amount determined by Manager in its sole

and absolute discretion, but in no event less than four percent (4%) of the total project costs of such conversion.

(h)    Any and all fees payable to Manager hereunder may be deferred and accrued as and for so long as Manager may determine in its sole and absolute discretion.

12.    All inquiries and negotiations for any leases, renewals, extensions, continuations of tenancy, or agreements for the rental, occupancy, operation, construction, improvement or maintenance of said Premises, or the sales of the Premises or any part thereof, shall be conducted solely by or under the direction of Manager.

13.    All notices to be given hereunder shall be in writing and shall be sent by United States certified mail, return receipt requested, postage prepaid, addressed to recipient as follows:

| If to Manager: | Miles Properties, Inc. |
| | 3500 Lenox Road |
| | Suite 800 |
| | Atlanta, Georgia 30326 |
| | Attn: Daniel J. Miles, President |
| | |
| If to Owner: | MPI Coventry Village, LLC |
| | 3500 Lenox Road |
| | Suite 800 |
| | Atlanta, Georgia 30326 |
| | Attn: Manager |

or to such other addresses as may from time to time be given as provided in this Paragraph 13. Any notice mailed as herein provided shall be deemed and treated to have been received on the date of mailing.

14.    Manager is not and never shall be liable to any creditor of Owner or to any claimant against the property of Owner. Nothing contained in this Agreement shall constitute or be construed to be or create a partnership or joint venture between Owner and Manager. Subject to the provisions of Section 15 hereof, this Agreement shall be binding upon the parties thereto, their heirs, legal representatives, successors and assigns, and may not be changed orally but only by a writing signed by both parties hereto.

15.    Neither party hereto shall have the right to assign all or any portion of its rights of duties under this Agreement without the prior written approval of the other party, such approval not to be unreasonably withheld, conditioned or delayed; provided, that (i) Owner may assign this Agreement and its rights hereunder as additional collateral or security to any lender with a first priority security interest in the Premises without the consent of the Manager, and Manager agrees to execute and deliver on a timely basis any and all customary acknowledgments and subordination agreements reasonably requested by such lender; and (ii) Manager shall have the right to assign its rights and obligations hereunder without Owner's consent to any entity under common control with Manager, provided that Manager shall remain fully and primarily liable for any such obligation so assumed by such assignee and will indemnify and hold Owner harmless for any breach of this Agreement by such

assignee.

16. (a)   The term "Event of Default" shall mean the following:

(i)   The failure of Manager to comply with any provision of this Agreement if such failure is not cured within thirty (30) days after the effective date of a notice thereof from Owner (provided, however, with respect to any matter not curable by the payment of money if such matter is curable but curing such failure reasonably requires more than thirty (30) days, the time period for curing shall be extended for up to a total of sixty (60) days so long as Manager promptly commenced to cure the failure after the effective date of the notice and thereafter diligently prosecutes such cure).

(ii)   (A) the making by Manager of an assignment for the benefit of creditors; (B) the appointment on behalf of Manager of a receiver, liquidator or trustee of its property; (C) the dissolution or termination of the corporate existence of Manager by merger, consolidation or otherwise; (D) or the filing by or against Manager of a petition for the bankruptcy, reorganization or arrangement of such party; provided, however, in respect of (D) above, that if the petition was filed against Manager, Manager shall have ninety (90) days from the date of filing within which to have the petition discharged or dismissed.

(b)   Owner shall have the right to terminate this Agreement (i) upon the occurrence of an Event of Default by Manager, or (ii) upon a sale or other disposition of the Premises, or (iii) at any time upon ninety (90) days' prior notice to Manager. Owner shall give to Manager notice of any such termination specifying the effective date thereof. In the event of the termination of this Agreement, the compensation of Manager will be prorated to the effective date of such termination and paid after deducting therefrom any outstanding amounts that may be payable to Owner hereunder; provided, that (x) any and all deferred management fees, deferred acquisition fees, deferred supervision, development fees and the disposition fee (if termination occurs on sale or other disposition of the Premises) shall be due and payable immediately upon termination, and (y) if termination occurs no more than sixty (60) days prior to the consummation of the sale or other disposition of the Premises, but after a definitive agreement for the sale or other disposition of the Premises has been executed by Owner and the transferee (or the transferee's predecessor-in-interest), the disposition fee shall be payable immediately upon consummation of such sale or other disposition. Manager shall have the right to terminate this Agreement at any time upon ninety (90) days' prior notice to Owner, provided, that Manager shall not have the right to terminate this Agreement if and to the extent such termination would result in a default under any loan collateralized by a security interest in the Premises.

(c)   On the effective date of a termination or expiration of this Agreement, Manager shall deliver to Owner promptly, any and all of Owner's funds held by Manager with respect to the Premises. Manager shall also deliver to Owner any funds received by Manager after the date of termination or expiration which relate to the operation of

the Premises after deducting therefrom any outstanding amounts that may be due and payable to Manager hereunder. All materials, supplies, keys, leases, contracts, other documents, insurance policies, plans, specification, permits, licenses, promotional materials and such other accounting papers and records (including general correspondence) as pertain to this Agreement and the performance of Manager's duties hereunder shall be delivered to Owner upon or within a reasonable period of time after the effective date of a termination or expiration. Manager shall also assign to Owner (or to such person as Owner may designate in writing) executed contracts, if any, in Manager's name relating to the operation and maintenance of the Premises. Manager shall deliver to Owner a final accounting (prepared in accordance with the provisions of this Agreement) of the Premises up to and including the effective date of the termination or expiration within ninety (90) days after such effective date of termination or expiration. No further services shall be performed by Manager under this Agreement after the effective date of a termination or expiration, except that Manager shall cooperate reasonably with Owner to accomplish an orderly transfer of the operation and management of the Premises to the entity designated by Owner in a notice to Manager.

(d)  If Owner terminates this Agreement pursuant to an Event of Default, Owner may exercise any and all remedies available at law or in equity for breach of contract. Upon the expiration or any termination both parties shall remain liable for all obligations accrued and not fully performed under this Agreement during the term hereof and such obligations and any liabilities set forth herein shall survive any termination or expiration of this Agreement.

17. (a)  This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof. There are no further agreements or understandings, written or oral, in effect between the parties with respect to the subject matter hereof.

(b)  The failure of either party to insist upon the strict performance of any covenant, agreement, provision, or condition of this Agreement shall not constitute a waiver thereof.

(c)  This Agreement may be executed in separate counterparts. It shall be deemed fully executed when each party has signed at least one counterpart, even though no single counterpart contains the signature of all the parties.

(d)  All personal pronouns used in this Agreement, whether used in the masculine, feminine or neuter gender, shall include all other genders; the singular shall include the plural; and the plural shall include the singular. Titles of articles and sections in this Agreement are for convenience only and neither limit nor amplify the provisions of this Agreement. This Agreement shall not be interpreted in favor of either party by virtue of said party not having prepared this Agreement.

(e)  This Agreement shall be governed by the laws of the State of Georgia.

(f)    The parties agree to execute such other documents and perform such other actions as may be necessary or desirable to carry out the purposes of this Agreement.

(g)    No other person or entity other than Owner and Manager is or shall be entitled to bring any action to enforce any provision of this Agreement.  The provisions of this Agreement are solely for the benefit of and shall be enforceable only by the Owner and Manager and their respective successors and assigns as permitted hereunder.

(h)    The rights and remedies of Owner and Manager under this Agreement shall not be mutually exclusive.  The exercise of one or more of the rights and remedies under this Agreement shall not preclude the exercise of any other right or remedy or claim for monetary damages.  Monetary damages may not be an adequate remedy for a breach or threatened breach of this Agreement, and in the event of a breach or threatened breach of any provision hereof, the respective rights and obligations hereunder shall be enforceable by specific performance, injunction or other equitable remedy.

*[Signatures Appear on Following Page]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement the day and year first above written.

"MANAGER"

MILES PROPERTIES, INC.

By: _____
Name: _____
Title: President

"OWNER"

MPI COVENTRY VILLAGE, LLC
By: MPI Coventry Village Manager, LLC
Its: Manager

By: _____
Name: Daniel J Miles
Title: President



IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

FOREST CREEK TOWNHOMES, LLC

    Plaintiffs,

v.                                    No.  CH-14-1553-3

CARROLL MANAGEMENT GROUP, LLC d/b/a
CARROLL ORGANIZATION and CARROLL PROPERTY
MANAGEMENT, LLC; and
HEDIGER ENTERPRISES, INC.

    Defendants.

---

### ORDER OF DISMISSAL WITHOUT PREJUDICE AS TO
### CARROLL MANAGEMENT GROUP, LLC ONLY

---

**COME NOW** Plaintiff Forest Creek Townhomes, LLC, by and through counsel, pursuant to the relevant provisions of Rule 41.01 of the Tennessee Rules of Civil Procedure 41, and hereby gives notice of the voluntary dismissal, without prejudice, of Defendant Carroll Management Group, LLC only.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the above-styled cause of action is hereby dismissed, without prejudice, as to Defendant Carroll Management Group, LLC only, with costs to be assessed at the conclusion of this cause

OSCAR C. CARR III
_____
CHANCELLOR

FEB 1 0 2015
_____
DATE



APPROVED BY:

Adam M. Nahmias
Law Offices of Libby & Nahmias
Attorneys for Plaintiff
150 Court, Second Floor
Memphis, Tennessee 38103
(901) 343-0777

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been forwarded to:

Steven J. Pritchett, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

via email and U.S. Mail, postage prepaid this _10th_ day of February, 2015.

Jeffrey E. Nicoson, Esq.
Leitner, Williams, Dooley & Napolitan
80 Monroe, Suite 800
Memphis, Tennessee 38103

via hand delivery, this _10th_ day of February, 2015.

ADAM M. NAHMIAS

**10**

ELECTRONICALLY FILED
2015 Mar 12 PM 1:35
CLERK OF COURT - CHANCERY

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| **FOREST CREEK TOWNHOMES, LLC** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CH-14-1553-3** |
| | ) | |
| | ) | |
| **CARROLL PROPERTY MANAGEMENT,** | ) | |
| **LLC and HEDIGER ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION FOR ADMISSION *PRO HAC VICE*
### OF ATTORNEY STEVEN J. PRITCHETT

Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc., by and through undersigned counsel, and pursuant to Tenn. Sup. Ct. R. 19, hereby move this Honorable Court for the admission pro hac vice of Attorney Steven J. Pritchett (Georgia #142309), of Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326, to appear on their behalf as an attorney-of-record in the above-referenced matter. Attached hereto in support of this Motion are the following Exhibits:  (1) Tennessee Supreme Court Rule 19 Affidavit of Attorney Steven J. Pritchett, and (2) Letter of Good Standing from the Supreme Court of Georgia for Attorney Pritchett.

Pursuant to Tenn.Sup.Ct.Rule 19 the admission fee of $170.00, along with a copy of this Motion and the attached Affidavit has been supplied to the Board of Professional Responsibility. All other requirements under Tenn.Sup.Ct.R. 19 for admission pro hac vice are addressed in the Affidavit of Attorney Pritchett (Exhibit 1), and are incorporated herein by reference.

Therefore, pursuant to Tenn.Sup.Ct.R. 19, Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc. respectfully request that the Court grant this Motion for Admission Pro Hac Vice, and allow Attorney Pritchett to appear on their behalf as an attorney-of-record in the above-referenced matter.

Respectfully submitted this 12th day of March, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

*Jeff Nicoson*
D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)

80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

By: *[signature]*
Steven J. Pritchett
Georgia Bar No.: 142309
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel.: (404) 233-7000
Fax: (404) 365-9532
sjp@mmmlaw.com

*Attorneys for Defendants Carroll Property*
*Management, LLC and Hediger Enterprises, Inc.*

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, LLC          )
      Plaintiff,                              )
                                         )
v.                                       )          No. CH-14-1553-3
                                         )
                                         )
CARROLL PROPERTY MANAGEMENT,             )
LLC and HEDIGER ENTERPRISES, INC.,       )
                                         )
      Defendants.                             )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Motion for Admission *Pro Hac Vice* of Attorney Steven J. Pritchett has been served upon the following via United States Mail with sufficient postage thereon to carry the same to its destination:

Adam N. Nahmias
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, TN  38103

Board of Professional Responsibility
of the Supreme Court of Tennessee
10 Cadillac Drive, Suite 220
Brentwood, TN 37027

Attorney for Plaintiffs

This the 12ᵗʰ day of March, 2015.

_Jeff Nicoson_
Attorney

3

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

AFFIDAVIT OF  STEVEN J. PRITCHETT

*(Pro Hac Vice Applicant)*

Before me, the undersigned, personally appeared ___ Steven J. Pritchett ___

*(Pro Hac Vice Applicant)*

(1)    My full name is : Steven Jameel Pritchett

My residence address is: 5231 Gauley River, Stone Mountain, Georgia  30087.

My firm name is: Morris, Manning & Martin, LLP

My office address is: 3343 Peachtree Road, N.E., Suite 1600, Atlanta, Georgia 30326-1044

Other jurisdictions licensed & registration/identifying numbers are: GA Bar # 142309

Full name or style of case in which I seek to appear:

Forest Creek Townhomes, LLC v. Carroll Property Management, LLC and Hediger Enterprises, Inc.

Name of the client or clients I seek to represent:

Carroll Property Management, LLC and Hediger Enterprises, Inc.

(2)    The jurisdiction(s) in which licensed to practice law, with date(s) of admission:

All Georgia State Courts (2005), Supreme Court of Georgia (2015)

Any other courts in which admitted to practice, with date(s) of admission:

U.S. District Court, Northern District of Georgia (2011)

A certificate of good standing from the court of last resort of the licensing jurisdiction in which the applicant principally practices, or resides, is included for:

Supreme Court of Georgia

9301719 v2

(3)     Full name or style of each case in which applicant was previously admitted or sought to be admitted *pro hac vice* in any trial or appellate court of Tennessee within the preceding three years, date of any such admission or the date of any such motion that was filed but not granted, and the status of any such case in which not admitted:

Not Applicable

(4)     Statement concerning whether the applicant lawyer has previously been denied admission *pro hac vice* or has had an admission *pro hac vice* revoked by any court in any jurisdiction and, if so, a full description of the circumstances, including the full name or style of the case:

Not Applicable

(5)     Statement concerning whether the applicant lawyer has ever been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

Not Applicable

(6)     Statement concerning whether any disciplinary or investigation concerning the applicant lawyer's conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

Not Applicable

(7)   Statement that the applicant lawyer is familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the court before which the lawyer seeks to practice:

   Yes.  I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the court before which I seek to practice.

(8)   Statement that the applicant lawyer consents to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts of Tennessee in any matter arising out of the lawyer's conduct in the proceeding and that the lawyer agrees to be bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee:

   Yes.  I consent to the above.

(9)   Tennessee lawyer with whom the applicant lawyer is associated:

   Name:  Jeffrey E. Nicoson

   Address:  80 Monroe Avenue, Suite 800, Memphis, Tennessee  38103

   Telephone No.:  (901) 527-0214               TN Bar No.:  027445

(10)   Statement that the applicant lawyer has paid all fees required by this Rule in connection with the motion for admission:

   All fees in connection with this Rule have been paid.

(11)   At the option of the applicant lawyer, any other information supporting the lawyer's admission:
   None.

(12)   Statement indicating service of the *pro hac vice* motion and all associated papers upon all counsel of record in the proceeding and upon the Board of Professional Responsibility of the Supreme Court of Tennessee:

   Service of the pro hac vice motion and all associated papers has been made upon all counsel

of record in the Proceeding and upon the Board of Professional Responsibility of the Supreme

Court of Tennessee.

(13)   A certificate of good standing from the court of last resort of the licensing jurisdiction in which the applicant principally practices, or resides, is attached as an Exhibit to this affidavit and incorporated herein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
*Pro Hac Vice* Applicant

Sworn to and subscribed before me this _12th_ day of March, 2015.

_____
NOTARY

_____
My Commission Expires:

HUGH P. THOMPSON, CHIEF JUSTICE
P. HARRIS HINES, PRESIDING JUSTICE
ROBERT BENHAM
CAROL W. HUNSTEIN
HAROLD D. MELTON
DAVID E. NAHMIAS
KEITH R. BLACKWELL
        JUSTICES

# Supreme Court
# State of Georgia
### STATE JUDICIAL BUILDING
## Atlanta 30334

THÉRÈSE S. BARNES, CLERK
JEAN RUSKELL, REPORTER

March 3, 2015

I hereby certify that Steven J. Pritchett, Esq., was admitted on the 2nd day of February, 2015, as a member of the bar of the Supreme Court of Georgia, the highest court of this State; and, since that date he has been and is now a member of this bar in good standing, as appears from the records and files in this office.

Witness my signature and the seal of this Court hereto affixed the day and year first above written.



*Thérèse S. Barnes* , Clerk

# 11

ELECTRONICALLY FILED
2015 Mar 12 PM 1:35
CLERK OF COURT - CHANCERY

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | | |
|---|---|---|
| **FOREST CREEK TOWNHOMES, LLC** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CH-14-1553-3** |
| | ) | |
| | ) | |
| **CARROLL PROPERTY MANAGEMENT,** | ) | |
| **LLC and HEDIGER ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR ADMISSION *PRO HAC VICE*
OF ATTORNEY SIMON R. MALKO**

Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc., by and through undersigned counsel, and pursuant to Tenn. Sup. Ct. R. 19, hereby move this Honorable Court for the admission pro hac vice of Attorney Simon R. Malko (Georgia #467190), of Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326, to appear on their behalf as an attorney-of-record in the above-referenced matter. Attached hereto in support of this Motion are the following Exhibits:  (1) Tennessee Supreme Court Rule 19 Affidavit of Attorney Simon R. Malko, and (2) Letter of Good Standing from the Supreme Court of Georgia for Attorney Malko.

Pursuant to Tenn.Sup.Ct.Rule 19 the admission fee of $170.00, along with a copy of this Motion and the attached Affidavit has been supplied to the Board of Professional Responsibility. All other requirements under Tenn.Sup.Ct.R. 19 for admission pro hac vice are addressed in the Affidavit of Attorney Malko (Exhibit 1), and are incorporated herein by reference.

Therefore, pursuant to Tenn.Sup.Ct.R. 19, Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc. respectfully request that the Court grant this Motion for Admission Pro Hac Vice, and allow Attorney Malko to appear on their behalf as an attorney-of-record in the above-referenced matter.

Respectfully submitted this 12ᵗʰ day of March, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

_____
D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)

80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

By: _____
Simon R. Malko
Georgia Bar No.: 467190
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel.: (404) 233-7000
Fax: (404) 365-9532
smalko@mmmlaw.com


*Attorneys for Defendants Carroll Property*
*Management, LLC and Hediger Enterprises, Inc*

2

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, LLC    )
        Plaintiff,                     )
                                   )
v.                                 )     No. CH-14-1553-3
                                 )
                                 )
CARROLL PROPERTY MANAGEMENT,  )
LLC and HEDIGER ENTERPRISES, INC.,  )
                                 )
        Defendants.              )

The undersigned hereby certifies that a true and exact copy of the foregoing Motion for Admission *Pro Hac Vice* of Attorney Simon R. Malko has been served upon the following via United States Mail with sufficient postage thereon to carry the same to its destination.

Adam N. Nahmias                         Board of Professional Responsibility
Law Offices of Libby & Nahmias            of the Supreme Court of Tennessee
150 Court Avenue                           10 Cadillac Drive, Suite 220
Memphis, TN  38103                     Brentwood, TN 37027

Attorney for Plaintiffs

This the 12th day of March, 2015.

_____
Attorney

3

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

AFFIDAVIT OF   SIMON R. MALKO
*(Pro Hac Vice Applicant)*

Before me, the undersigned, personally appeared    Simon R. Malko
*(Pro Hac Vice Applicant)*

(1)    My full name is :  Simon Robert Malko

My residence address is:  5075 Long Island Drive, Atlanta, Georgia  30327.

My firm name is:  Morris, Manning & Martin, LLP

My office address is:  3343 Peachtree Road, N.E., Suite 1600, Atlanta, Georgia  30326-1044

Other jurisdictions licensed & registration/identifying  numbers are:  GA Bar # 467190

Full name or style of case in which I seek to appear:

Forest Creek Townhomes, LLC v. Carroll Property Management, LLC and Hediger
Enterprises, Inc.

Name of the client or clients I seek to represent:

Carroll Property Management, LLC and Hediger Enterprises, Inc.

(2)    The jurisdiction(s) in which licensed to practice law, with date(s) of admission:

All Georgia State Courts  (2003), Supreme Court of Georgia (2004), All New York
State Courts (1998), Georgia Court of Appeals (2004)

Any other courts in which admitted to practice, with date(s) of admission:

U.S. District Courts for the Northern District of Georgia (2003), Eastern District of New
York (1998), Southern District of New York (1998) and Northern District of Florida (2007), U.S.
Bankruptcy Courts for the Northern District of Georgia (2003) and Southern Distict of New York
(1998), Eleventh Circuit Court of Appeals (2004)

A certificate of good standing from the court of last resort of the licensing jurisdiction
in which the applicant principally practices, or resides, is included for:

Supreme Court of Georgia

9303931 v2

(3)     Full name or style of each case in which applicant was previously admitted or sought to be admitted *pro hac vice* in any trial or appellate court of Tennessee within the preceding three years, date of any such admission or the date of any such motion that was filed but not granted, and the status of any such case in which not admitted:

Not Applicable

(4)     Statement concerning whether the applicant lawyer has previously been denied admission *pro hac vice* or has had an admission *pro hac vice* revoked by any court in any jurisdiction and, if so, a full description of the circumstances, including the full name or style of the case:

Not Applicable

(5)     Statement concerning whether the applicant lawyer has ever been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

Not Applicable

(6)     Statement concerning whether any disciplinary or investigation concerning the applicant lawyer's conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

Not Applicable

(7)   Statement that the applicant lawyer is familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the court before which the lawyer seeks to practice:

Yes. I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the court before which I seek to practice.

(8)   Statement that the applicant lawyer consents to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts of Tennessee in any matter arising out of the lawyer's conduct in the proceeding and that the lawyer agrees to be bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee:

Yes. I consent to the above.

(9)   Tennessee lawyer with whom the applicant lawyer is associated:

Name: Jeffrey E. Nicoson

Address: 80 Monroe Avenue, Suite 800, Memphis, Tennessee 38103

Telephone No.: (901) 527-0214           TN Bar No.: 027445

(10)  Statement that the applicant lawyer has paid all fees required by this Rule in connection with the motion for admission:

All fees in connection with this Rule have been paid.

(11)  At the option of the applicant lawyer, any other information supporting the lawyer's admission:
                None.

(12)  Statement indicating service of the *pro hac vice* motion and all associated papers upon all counsel of record in the proceeding and upon the Board of Professional Responsibility of the Supreme Court of Tennessee:

Service of the pro hac vice motion and all associated papers has been made upon all counsel of record in the Proceeding and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

(13)  A certificate of good standing from the court of last resort of the licensing jurisdiction in which the applicant principally practices, or resides, is attached as an Exhibit to this affidavit and incorporated herein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
*Pro Hac Vice* Applicant

Sworn to and subscribed before me this **12th** day of March, 2015.

_____
NOTARY

My Commission Expires:

HUGH P. THOMPSON, CHIEF JUSTICE
P. HARRIS HINES, PRESIDING JUSTICE
ROBERT BENHAM
CAROL W. HUNSTEIN
HAROLD D. MELTON
DAVID E. NAHMIAS
KEITH R. BLACKWELL
            JUSTICES

**Supreme Court**
**State of Georgia**
STATE JUDICIAL BUILDING
**Atlanta 30334**

THÉRÈSE S. BARNES, CLERK
JEAN RUSKELL, REPORTER

January 26, 2015

I hereby certify that Simon R. Malko, Esq., was admitted on the 16th day of November, 2004, as a member of the bar of the Supreme Court of Georgia, the highest court of this State; and, since that date he has been and is now a member of this bar in good standing, as appears from the records and files in this office.



Witness my signature and the seal of this Court hereto affixed the day and year first above written.

_Thérèse S. Barnes_ , Clerk

# 12

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, LLC )
)
          Plaintiff, )
)
v. )    No. CH-14-1553-3
)    JURY DEMANDED
CARROLL PROPERTY MANAGEMENT, )
LLC; and HEDIGER ENTERPRISES, )
INC., )
)
)
)
         Defendants. )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CARROLL PROPERTY MANAGEMENT, LLC AND HEDIGER ENTERPRISES, INC.

COME NOW, Defendants Carroll Property Management, LLC ("Carroll") and Hediger Enterprises, Inc. ("Hediger") (collectively "Defendants"), and file their Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Forest Creek Townhomes, LLC ("Plaintiff" or "Forest Creek"), showing the Court as follows:

### First Defense

Plaintiff fails to state a claim upon which relief may be granted pursuant to Tenn. R. Civ. P. 12.02(6).

### Second Defense

Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1 of Plaintiff's Complaint, therefore this allegation is denied.

1

2.

Defendants admit Carroll is a limited liability company organized under the laws of the State of Georgia, but deny the allegation that Carroll is authorized to transact business in the state of Tennessee. Further, Carroll denies conducting any business in Tennessee, including any business relevant to the substantive allegations stated in Plaintiff's Complaint.

3.

Defendants admit Hediger is a corporation organized under the laws of the State of South Carolina that is not presently authorized to transact business in the state of Tennessee.

4.

Paragraph 4 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, this allegation is denied.

5.

In response to the first sentence of Paragraph 5 of Plaintiff's Complaint, Defendants admit that the real property that is the subject matter of this dispute is located in Shelby County, Tennessee. The second sentence of Paragraph 5 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent any further response to the second sentence of Paragraph 5 is required, these allegations are denied.

6.

In response to Paragraph 6 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to whether the Management Agreement attached as Exhibit A to the Complaint was properly executed. In addition, Carroll states that the Management Agreement speaks for itself and denies any allegation in Paragraph 6 inconsistent with the Management Agreement.

2

9196572 v5

7.

In response to Paragraph 7 of the Complaint, Defendants state that Carroll acquired Hediger, as a wholly-owned subsidiary, in or around May 2010.

8.

Defendants deny Paragraph 8 of the Complaint as stated.  In further response to Paragraph 8 of the Complaint, Carroll states that it entered into an Asset Purchase Agreement ("APA") with Miles Properties, Inc. ("Miles"), dated August 2, 2010, whereby Miles would assign certain property management agreements, including the Management Agreement, to Carroll.  Defendants deny, however, Plaintiff's allegations that Carroll ever managed the Property pursuant to the Management Agreement.  A true and correct copy of the APA is attached hereto as **Exhibit** A. The APA was executed while Miles was undergoing Chapter 11 reorganization in the United States Bankruptcy Court for the Northern District of Georgia.  Accordingly, the APA only reflects a proposed sale/assignment, pending the bankruptcy court authorizing the proposed transaction under Section 363 of the Bankruptcy Code.  On August 3, 2010, Miles submitted a motion to the bankruptcy court seeking an order authorizing the sale/assignment of Miles' property management agreements to Carroll ("Sale Motion").  A true and correct copy of the Sale Motion is attached hereto as **Exhibit B**.  Prior to the bankruptcy court's ruling on the Sale Motion, however, Carroll assigned its rights under the APA to Hediger.  Ultimately, the bankruptcy court granted the Sale Motion, but by virtue of Carroll's assignment of its interest under the APA to Hediger, the bankruptcy court's order authorized the assignment of the Management Agreement to Hediger, not Carroll.  A true and correct copy of the order authorizing the assignment of Miles' rights under the Management Agreement to Hediger is attached hereto as **Exhibit** C.  Accordingly, Miles assigned the Management Agreement to Hediger, not Carroll.  A true and correct copy of

3

9196572 v5

the Closing Statement reflecting Miles' assignment of the Management Agreement to Hediger is attached hereto as **Exhibit D**. Hediger, not Carroll, managed the Property subsequent to Miles.

9.

Defendants deny Paragraph 9 of the Complaint as stated. Defendants admit that on September 27, 2011, Highland Creek Acquisition, LLC ("Highland Creek") purchased the Property from MPI Coventry Village, LLC, but deny Highland Creek acquired any rights under the Management Agreement in connection with this transaction. Specifically, the Management Agreement expressly provides that MPI Coventry Village could not assign its rights under the Management Agreement without Hediger's prior written approval. (Management Agreement ¶15.) Defendants deny Hediger approved MPI Coventry Village assigning its rights under the Management Agreement to Highland Creek.

10.

Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.

In response to Paragraph 11 of the Complaint, Defendants deny Carroll was ever a party to the Management Agreement and therefore deny the allegations contained in Paragraph 11 of the Complaint.

12.

In response to Paragraph 12 of the Complaint, Defendants deny Carroll was ever a party to the Management Agreement and therefore deny the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

4

9196572 v5

14.

Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants reincorporate their responses to Paragraphs 1-15 as if set forth herein.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.

Defendants reincorporate their responses to paragraphs 1-18 as if set forth herein.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint as to Carroll. As to Hediger, Defendants admit Hediger managed the Property from September 1, 2010 up to and until Highland Creek purchased the Property, but deny all other allegations in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

5

9196572 v5

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

### Third Defense

All allegations not heretofore admitted nor denied are now denied as if set forth in the words alleged and denied verbatim herein.

### Fourth Defense

Forest Creek's claims are barred by the equitable doctrines of unclean hands, waiver, estoppel and/or laches.

### Fifth Defense

Defendants aver that they are not liable to Forest Creek under any theory of recovery.

### Sixth Defense

Defendants plead that the damages, if any, recoverable by Plaintiff must be reduced by the amount of damages caused by Plaintiff's failure to mitigate such damages in whole or in part.

### Seventh Defense

Defendants deny they, in whole or in part, are guilty of any negligence, fault or wrongdoing, whatsoever, and deny that employees, agents or servants of Defendants caused or contributed to, in any manner, the incident or damages, if any, upon which Plaintiff's Complaint is based.

### Eighth Defense

Any damages awarded to Plaintiff should be limited to the amount requested in Plaintiff's *ad damnum* pursuant to *Newcomb v. Kohler Co.,* 222 S.W.3d 368 (Tenn. Ct. App. 2006).

9196572 v5

### Ninth Defense

Defendants aver that at all times material to the allegations contained in the Complaint, Defendants used reasonable and ordinary care under the circumstances and are not guilty of any breach, negligence or fault in any degree.

### Tenth Defense

Plaintiff's reliance on any alleged misrepresentations by Carroll and/or Hediger was not justifiable, as the alleged misrepresentations pertain to facts known or reasonably discoverable by Plaintiff or Plaintiff's predecessor-in-interest.

### Eleventh Defense

The injuries and/or damages alleged in the Plaintiff's Complaint were not directly and/or proximately caused by any negligent act, wrong act, or omission by Carroll and/or Hediger.

### Twelfth Defense

Defendants plead the defense of assumption of risk.

### Thirteenth Defense

Defendants possessed no duty to Plaintiff to disclose information or otherwise warn against the injuries allegedly sustained by Plaintiff.

### Fourteenth Defense

Defendants plead that if they should be concluded that they were guilty of any negligence, fault, or liability, which is denied, they intend to rely on the affirmative defense of comparative fault as adopted in the State of Tennessee, and plead that if the evidence permits, they will reply upon the affirmative defense of comparative fault or negligence, that is the fault or negligence of other parties to this suit or parties not named in this suit, which would either bar Plaintiff's cause of action or reduce the Plaintiff's damages against them.

7

9196572 v5

### Fifteenth Defense

Defendants aver that the injuries, damages and losses alleged by Plaintiff were directly and proximately caused, or in the alternative contributed to, by the acts, omissions, and/or acts of negligence of parties other than Carroll and Hediger, including, but not limited to, the acts, omissions, and/or acts of negligence of third parties.  Said acts, omissions, and/or negligence bars any recovery by Plaintiff against Defendants, or, in the alternative, should proportionally reduce any recovery against Defendants under the doctrine of comparative negligence and/or comparative fault.

### Sixteenth Defense

Plaintiff's injuries arose from an intervening or superseding act or cause and not from any act or omission of Carroll or Hediger.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of anticipatory breach.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by non-assignment, termination and expiration of the Management Agreement.

### Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

### Twentieth Defense

Plaintiff lacks standing to bring its present claims against Defendants.

9196572 v5

## Twenty-First Defense

Defendants reserve their right to amend this Answer, subject to the approval of the Court, to include such other and further defenses that may become available to them through discovery, further investigation or as justice may require.

WHEREFORE, having fully answered the Plaintiff's Complaint, Carroll prays that Plaintiff's Complaint be dismissed with prejudice, with all costs taxed to Plaintiff, and that Carroll have Judgment against Plaintiff as follows:

(1)     For attorney's fees to be proven in Court;

(2)     For costs of this suit; and

(3)     For such other and further relief as this Court deems just and proper.

This 12th day of March, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)

80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

9196572 v5

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam Nahmias
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee 38103
adam@lnlawmemphis.com

This the 12th day of March, 2015.

D. Scott Bennett
Jeffrey E. Nicoson

9196572 v5

# 13

ELECTRONICALLY FILED
2015 Mar 27 PM 1:31
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

FOREST CREEK TOWNHOMES, L.L.C,

     Plaintiff,

vs.                             No. CH-14-1553-3
                                     JURY DEMANDED

CARROLL PROPERTY
MANAGEMENT, LLC; and
HEDIGER ENTERPRISES, INC.,

     Defendants.

---

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT HEDIGER ENTERPRISES, INC.

---

COMES NOW,  Plaintiff Forest Townhomes, LLC ("Forest Creek"), by and through

counsel, pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, and hereby

propounds the following First Set of Interrogatories and First Request for Production of

Documents upon the Defendant Hediger Enterprises, Inc. ("Hediger"), and requests that Hediger

answer separately and fully under oath each of the Interrogatories set forth herein, and provide

the documents and materials requested, within thirty (30) days from the date of service hereof.

### DEFINITIONS

As used herein, the following definitions apply:

1.     The term "Hediger"  means the Defendant Hediger and every agent, attorney,

representative, officer, director, subsidiary, predecessor, and affiliate, and any person or persons

acting or purporting to act on behalf of any of them.

1

2.      The phrase "relating to" includes all information which refers to, reflects on or in any manner describes the subject matter of a specific Interrogatory or Document Request.

3.      The term "document" shall mean the original and all copies, including all copies which are different in any way from the original (whether by interlineation, receipt stamped notation, indication of copies sent or received or otherwise), regardless of location, of any written, printed, typed, recorded, or other graphic matter of any kind or nature, and all mechanical and electrical recordings and any transcriptions thereof, and computer data files in the possession, custody and/or control of Carroll or its officers, directors, employees, servants, agents and attorneys.  It shall also mean all copies of documents by whatever means made.

## INSTRUCTIONS

1.      Unless otherwise specified, the period covered by these Interrogatories and Document Requests shall be from 2009 until the date of answering these Interrogatories.

2.      These Interrogatories and Document Requests are of an ongoing nature, and should you acquire additional information responsive to same, responses must be updated and supplemented pursuant to the applicable Rules of Civil Procedure.

3.      If a privilege not to answer an Interrogatory or Document Request is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim.

4.      Answer each Interrogatory and Document Request on the basis of the entire knowledge of Hediger, and including information in the possession of Hediger, its officers, directors, employees, consultants, representatives, agents and attorneys, and any other person or entity purporting the act or acting on behalf of Hediger.

5.      Any use of the terms "and" or "or" is intended to be inclusive rather than

2

exclusive.

<div align="center">

**INTERROGATORIES**

</div>

**INTERROGATORY NO. 1**.        Identify Hediger's principal place of business and its officers and directors from January 1, 2010 to the present.

**INTERROGATORY NO. 2**.        Identify all officers, directors, employees or representatives of Hediger that have or may have any knowledge, information or documentation regarding: a) the "Asset Purchase Agreement" between Defendant Carroll Property Management, LLC ("Carroll") and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**INTERROGATORY NO. 3**.        Identify all individuals and/or entities hired, retained, employed or otherwise associated with Hediger that have or may have knowledge, information or documentation regarding any of the items set forth in Interrogatory No. 2 (a)-(e).

**INTERROGATORY NO. 4**.        Identify all officers, directors, employees, agents or representatives of Hediger that have or may have knowledge regarding the management or operation of the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee known as the Highland Creek Apartments (the "Apartments").

**INTERROGATORY NO. 5**.        Identify all individuals and/or entities hired, retained, employed or otherwise associated with Hediger that have or may have knowledge regarding the management or operation of the Apartments.

<div align="center">3</div>

**INTERROGATORY NO. 6.**      Identify any and all facts and/or documents which Hediger contends supports its Tenth Affirmative Defense that the misrepresentations alleged by Forest Creek pertained to "facts known or reasonably discoverable by Plaintiff or Plaintiff's predecessor-in-interest."

**INTERROGATORY NO. 7.**      Identify any and all facts and/or documents which Hediger contends supports its Fourteenth Affirmative Defense regarding the "fault or negligence of other parties to this suit or parties not named in this suit," and specifically identify any and all such parties or non-parties.

**INTERROGATORY NO. 8.**      Identify any and all facts and/or documents which Hediger contends supports its Fifteenth Affirmative Defense that the damages sustained by Forest Creek were directly and proximately caused by "the acts, omissions, and/or acts of negligence of third parties. . . .," and specifically identify any and all such third parties.

**INTERROGATORY NO. 9.**      Identify any and all facts and/or documents which Hediger contends supports its Sixteenth Affirmative Defense that the damages sustained by Forest Creek "arose from an intervening or superseding act or cause," and specifically identify any and all such cause(s).

**INTERROGATORY NO. 10**.      Identify each person or person supplying information used to prepare Hediger's answers to these First Set of Interrogatories, and as to each person so identified, indicate the number of the Interrogatory, or part thereof, as to which the person supplied the information.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**Produce all correspondence, memoranda, letters, e-mails, instant messages, or other documents, of any kind or nature, whether generated, created or stored

4

electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c)  Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**REQUEST NO. 2:**Produce all correspondence, memoranda, letters, e-mails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with the management or operation of the Apartments.

**REQUEST NO. 3:**   Produce all documents referred to, relating to or in any way connected with any of Hediger's Responses to Forest Creek's First Set of Interrogatories.

Respectfully submitted,

_____
ADAM M. NAHMIAS  #16227
Law Offices of Libby & Nahmias
150 Court, Second Floor
Memphis, Tennessee 38103
(901) 343-0777
**Attorneys for Plaintiff**

5

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of the foregoing via United States mail, postage prepaid, to the following parties, on this the 27⁺ day of MARCH , 2015:

Steven J. Pritchett, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

Jeffrey E. Nicoson, Esq.
Leitner, Williams, Dooley & Napolitan
80 Monroe, Suite 800
Memphis, Tennessee 38103

Adam M. Nahmias

6

**14**

ELECTRONICALLY FILED
2015 Mar 27 PM 1:31
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FOREST CREEK TOWNHOMES, L.L.C,

      Plaintiff,

vs.

                                  No. CH-14-1553-3
                                  JURY DEMANDED

CARROLL PROPERTY
MANAGEMENT, LLC; and
HEDIGER ENTERPRISES, INC.,

      Defendants.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT CARROLL PROPERTY
MANAGEMENT, LLC

COMES NOW, Plaintiff Forest Townhomes, LLC ("Forest Creek"), by and through

counsel, pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, and hereby

propounds the following First Set of Interrogatories and First Request for Production of

Documents upon the Defendant Carroll Property Management, LLC ("Carroll"), and requests

that Carroll answer separately and fully under oath each of the Interrogatories set forth herein,

and provide the documents and materials requested, within thirty (30) days from the date of

service hereof.

## DEFINITIONS

As used herein, the following definitions apply:

1.     The term "Carroll" means the Defendant Carroll and every agent, attorney,

representative, officer, director, subsidiary, predecessor, and affiliate, and any person or persons

1

acting or purporting to act on behalf of any of them.

2.      The phrase "relating to" includes all information which refers to, reflects on or in any manner describes the subject matter of a specific Interrogatory or Document Request.

3.      The term "document" shall mean the original and all copies, including all copies which are different in any way from the original (whether by interlineation, receipt stamped notation, indication of copies sent or received or otherwise), regardless of location, of any written, printed, typed, recorded, or other graphic matter of any kind or nature, and all mechanical and electrical recordings and any transcriptions thereof, and computer data files in the possession, custody and/or control of Carroll or its officers, directors, employees, servants, agents and attorneys.  It shall also mean all copies of documents by whatever means made.

## INSTRUCTIONS

1.      Unless otherwise specified, the period covered by these Interrogatories and Document Requests shall be from 2009 until the date of answering these Interrogatories.

2.      These Interrogatories and Document Requests are of an ongoing nature, and should you acquire additional information responsive to same, responses must be updated and supplemented pursuant to the applicable Rules of Civil Procedure.

3.      If a privilege not to answer an Interrogatory or Document Request is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim.

4.      Answer each Interrogatory and Document Request on the basis of the entire knowledge of Carroll, and including information in the possession of Carroll, its officers, directors, employees, consultants, representatives, agents and attorneys, and any other person or entity purporting the act or acting on behalf of Carroll.

2

5.    Any use of the terms "and" or "or" is intended to be inclusive rather than exclusive.

## INTERROGATORIES

**INTERROGATORY NO. 1.**    Identify Carroll's principal place of business and its officers and directors from January 1, 2010 to the present.

**INTERROGATORY NO. 2.**    Identify all officers, directors, employees or representatives of Carroll that have or may have any knowledge, information or documentation regarding: a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Defendant Hediger Enterprise, Inc. ("Hediger") in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**INTERROGATORY NO. 3.**    Identify all individuals and/or entities hired, retained, employed or otherwise associated with Carroll that have or may have knowledge, information or documentation regarding any of the items set forth in Interrogatory No. 2 (a)-(e).

**INTERROGATORY NO. 4.**    Identify all officers, directors, employees or representatives of Carroll that have or may have knowledge regarding the management or operation of the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee and known as the Highland Creek Apartments (the "Apartments").

**INTERROGATORY NO. 5.**    Identify all individuals and/or entities hired, retained, employed or otherwise associated with Carroll that have or may have knowledge regarding the management or operation of the Apartments.

3

**INTERROGATORY NO. 6.**        Identify any and all facts and/or documents which Carroll contends supports its Tenth Affirmative Defense that the misrepresentations alleged by Forest Creek pertained to "facts known or reasonably discoverable by Plaintiff or Plaintiff's predecessor-in-interest."

**INTERROGATORY NO. 7.**        Identify any and all facts and/or documents which Carroll contends supports its Fourteenth Affirmative Defense regarding the "fault or negligence of other parties to this suit or parties not named in this suit," and specifically identify any and all such parties or non-parties.

**INTERROGATORY NO. 8.**        Identify any and all facts and/or documents which Carroll contends supports its Fifteenth Affirmative Defense that the damages sustained by Forest Creek were directly and proximately caused by "the acts, omissions, and/or acts of negligence of third parties. . . .," and specifically identify any and all such third parties.

**INTERROGATORY NO. 9.**        Identify any and all facts and/or documents which Carroll contends supports its Sixteenth Affirmative Defense that the damages sustained by Forest Creek "arose from an intervening or superseding act or cause," and specifically identify any and all such cause(s).

**INTERROGATORY NO.10.**        Identify each person or person supplying information used to prepare Carroll's answers to these First Set of Interrogatories, and as to each person so identified, indicate the number of the Interrogatory, or part thereof, as to which the person supplied the information.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**Produce all correspondence, memoranda, letters, e-mails, instant messages, or other documents, of any kind or nature, whether generated, created or stored

4

electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**REQUEST NO. 2:** Produce all correspondence, memoranda, letters, e-mails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with the management or operation of the Apartments.

**REQUEST NO. 3:**   Produce all documents referred to, relating to or in any way connected with any of Carroll's Responses to Forest Creek's First Set of Interrogatories.

Respectfully submitted,

ADAM M. NAHMIAS  #16227
Law Offices of Libby & Nahmias
150 Court, Second Floor
Memphis, Tennessee 38103
(901) 343-0777
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of the foregoing via United States mail, postage prepaid, to the following parties, on this the 27ᵗ day of March, 2015:

Steven J. Pritchett, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

Jeffrey E. Nicoson, Esq.
Leitner, Williams, Dooley & Napolitan
80 Monroe, Suite 800
Memphis, Tennessee 38103

Adam M. Nahmias

6

# 15

ELECTRONICALLY FILED
2015 May 20 PM 1:55
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Carroll Property Management, LLC ("Carroll"), pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, hereby serves its Responses and Objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "Requests"), as follows:

## GENERAL OBJECTIONS

The interrogatories propounded by Plaintiff are being answered by Larry Greenway, in his capacity as Carroll's Controller. Some of the information in these responses may not be personally known, but has been obtained from the investigation by counsel and from other persons who they believe are reliable and capable of asserting the facts contained in these interrogatory answers. The responses are believed to be correct as of the date made and may be supplemented or amended, to the extent necessary, as discovery progresses.

1

9357097 v6

Carroll hereby reserves all objections as to relevance, form, and admissibility of its responses to Plaintiff's Interrogatories and Requests for Production of Documents until the time of trial. Any responses contained herein or subsequently provided should not be construed as a waiver of any right to object. Carroll reserves the right to amend, supplement or modify its responses based upon continuing investigation and discovery. Further, Carroll interposes a continuing objection to any and all discovery requests that seek disclosures or identification of confidential communications protected from disclosure by the attorney/client privilege or the attorney-work product doctrine. The inadvertent disclosure of any communications covered by such protection should not be deemed a waiver thereof. Without waiving any objections set forth above or elsewhere herein, Carroll responds as follows:

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**: Identify Carroll's principal place of business and its officers and directors from January 1, 2010 to the present.

**Response to Interrogatory No. 1**:

Carroll's principal place of business:

- January 2010 - December 2010; 5755 North Point Parkway, Alpharetta, GA

- January 2011- March 2012; 3340 Peachtree Road NE, Suite 1620, Atlanta, GA

- April 2012 - present; 3340 Peachtree Road NE, Suite 2250, Atlanta, GA

Carroll's officers:

- January 2010 - present; M Patrick Carroll CEO.

**Interrogatory No. 2**: Identify all officers, directors, employees or representatives of Carroll that have or may have any knowledge, information or documentation regarding: a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Defendant Hediger Enterprise, Inc. ("Hediger") in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or

2

9357097 v6

around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**Response to Interrogatory No. 2**: Carroll objects to this Interrogatory as overbroad and unduly burdensome. Carroll further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Carroll responds as follows: Patrick Carroll, Brad Leavitt, and Larry Greenway.

**Interrogatory No. 3**: Identify all individuals and/or entities hired, retained, employed or otherwise associated with Carroll that have or may have knowledge, information or documentation regarding any of the items set forth in Interrogatory No. 2 (a) – (e).

**Response to Interrogatory No. 3**: Carroll objects to this Interrogatory as overbroad and unduly burdensome. Carroll further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Carroll responds as follows: See response to Interrogatory No. 2 above.

**Interrogatory No. 4**: Identify all officers, directors, employees or representatives of Carroll that have or may have knowledge regarding the management or operation of the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee and known as the Highland Creek Apartments (the "Apartments").

**Response to Interrogatory No. 4**: Carroll objects to this Interrogatory as overbroad and unduly burdensome. Carroll further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

9357097 v6

Subject to and without waiving said objections, Carroll responds as follows: Brad Leavitt, Ron Platter, Dean Walden, Robert Hediger, Julia Noel, and Linda Masterson.

**Interrogatory No. 5**: Identify all individuals and/or entities hired, retained, employed or otherwise associated with Carroll that have or may have knowledge regarding the management or operation of the Apartments.

**Response to Interrogatory No. 5**: Carroll objects to this Interrogatory as overbroad and unduly burdensome. Carroll further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Carroll responds as follows: See response to Interrogatory No. 4 above.

**Interrogatory No. 6**: Identify any and all facts and/or documents which Carroll contends supports its Tenth Affirmative Defense that the misrepresentations alleged by Forest Creek pertained to "facts known or reasonably discoverable by Plaintiff or Plaintiff's predecessor-in-interest."

**Response to Interrogatory No. 6**: Carroll objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Carroll's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Carroll states that, pursuant to Rule 33.02, Carroll will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 7**: Identify any and all facts and/or documents which Carroll contends supports its Fourteenth Affirmative Defense regarding the "fault or negligence of other parties to this suit or parties not named in this suit," and specifically identify any and all such parties or non-parties.

9357097 v6

**Response to Interrogatory No. 7**: Carroll objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Carroll's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Carroll states that, pursuant to Rule 33.02, Carroll will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 8**: Identify any and all facts and/or documents which Carroll contends supports its Fifteenth Affirmative Defense that the damages sustained by Forest Creek were directly and proximately caused by "the acts, omissions, and/or acts of negligence of third parties....," and specifically identify any and all such third parties.

**Response to Interrogatory No. 8**: Carroll objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Carroll's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Carroll states that, pursuant to Rule 33.02, Carroll will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 9**: Identify any and all facts and/or documents which Carroll contends supports its Sixteenth Affirmative Defense that the damages sustained by Forest Creek "arose from an intervening or superseding act or cause," and specifically identify any and all such cause(s).

**Response to Interrogatory No. 9**: Carroll objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks

5

9357097 v6

discovery of certain of Carroll's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Carroll states that, pursuant to Rule 33.02, Carroll will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 10**: Identify each person or person supplying information used to prepare Carroll's answers to these First Set of Interrogatories, and as to each person so identified, indicate the number of the Interrogatory, or part thereof, as to which the person supplied the information.

**Response to Interrogatory No. 10**: Carroll objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Carroll's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Carroll responds as follows: Larry Greenway assisted Carroll's counsel in the preparation of the interrogatory responses set forth herein.

## RESPONSES TO REQUESTS

**Request No. 1**: Produce all correspondence, memoranda, letters, emails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communications(s), concerning, relating to or in any way connected with a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August 2010.

9357097 v6

**Response to Request No. 1**: Carroll objects that this Request seeks documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Carroll is producing the Asset Purchase Agreement, the Carroll-Hediger purchasing agreement, and the assignment of the Asset Purchase Agreement from Carroll to Hediger. Carroll does not have a copy of the agreement between MPI Coventry Village and Miles Properties in its records, but Plaintiff attached this agreement to its Amended Complaint. (See Ex. A to Am. Compl.)

**Request No. 2**: Produce all correspondence, memoranda, letters, emails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with the management or operation of the Apartments.

**Response to Request No. 2**: Carroll objects to this Request as overbroad and unduly burdensome. Carroll further objects that this Request seeks documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence. Carroll further objects to this Request because it seeks information protected from disclosure under the attorney-client privilege and work product doctrine.

Subject to and without waiving said objections, Carroll is producing certain non-privileged documents that are within its possession, custody, and control.

**Request No. 3**: Produce all documents referring to, relating to or in any way connected with any of Carroll's Responses to Forest Creek's First Set of Interrogatories.

**Response to Request No. 3**: Carroll objects to this request as vague and ambiguous. Carroll further objects to this Request as overbroad and unduly burdensome and as seeking documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the

9357097 v6

discovery of admissible evidence. Carroll further objects to this Request because it seeks information protected from the attorney-client privilege and work product doctrine.

Subject to and without waiving said objections, see documents produced herewith.

This __20ᵗʰ__ day of May, 2015.

<div style="margin-left:40%">

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

_____
D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)

</div>

80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

9357097 v6

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam Nahmias
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee 38103
adam@lnlawmemphis.com

This the 20th day of May, 2015.

D. Scott Bennett
Jeffrey E. Nicoson

9357097 v6

**VERIFICATION**

STATE OF _GEORGIA_ )

COUNTY OF _FULTON_ )

I, _LARRY GREENWAY_, being duly sworn on oath, depose and state as follows:

That I serve as _CORPORATE CONTROLLER_ for *Carroll Property Management, LLC.* and in that capacity I execute these **Responses to Plaintiff's First Set of Interrogatories**. The information in such answers is not necessarily personally known to me, but has been obtained from investigations by other persons whom I believe reliable and capable of ascertaining the facts stated in said answers. On the basis of these investigations, and to the best of my information and belief, the matters set forth in said answers are true and correct.

Carroll Property Management, LLC

By: _____
    Signature

    _LARRY GREENWAY_
    Printed Name

Its: _CORPORATE CONTROLLER_

SUBSCRIBED AND SWORN to before me on this _15th_ day of _May_, 2015.

_Maria C. Vera_
Notary Public

My Commission Expires:

_September 29, 2017_

9407332 v1

**16**

ELECTRONICALLY FILED
2015 May 20 PM 1:55
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HEDIGER ENTERPRISES, INC.'S
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES AND
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant Hediger Enterprises, Inc. ("Hediger"), pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, and hereby serves its Responses and Objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "Requests"), as follows:

### GENERAL OBJECTIONS

The interrogatories propounded by Plaintiff are being answered by M. Patrick Carroll, in his capacity as Hediger's CEO. Some of the information in these responses may not be personally known, but has been obtained from the investigation by counsel and from other persons who they believe are reliable and capable of asserting the facts contained in these interrogatory answers. The responses are believed to be correct as of the date made and may be supplemented or amended, to the extent necessary, as discovery progresses.

1

9357551 v6

Hediger hereby reserves all objections as to relevance, form, and admissibility of its responses to Plaintiff's Interrogatories and Requests for Production of Documents until the time of trial. Any responses contained herein or subsequently provided should not be construed as a waiver of any right to object. Hediger reserves the right to amend, supplement or modify its responses based upon continuing investigation and discovery. Further, Hediger interposes a continuing objection to any and all discovery requests that seek disclosures or identification of confidential communications protected from disclosure by the attorney/client privilege or the attorney-work product doctrine. The inadvertent disclosure of any communications covered by such protection should not be deemed a waiver thereof. Without waiving any objections set forth above or elsewhere herein, Hediger responds as follows:

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**: Identify Hediger's principal place of business and its officers and directors from January 1, 2010 to the present.

**Response to Interrogatory No. 1**:

Hediger's principal place of business:

- 1/1/2010 - 4/6/2012; 301 North Main Street, Suite 1901, Greenville, SC

- 4/7/2012 - present 3340 Peachtree Road NE, Suite 2250, Atlanta, GA

Hediger's officers:

- January 1, 2010 - April 30, 2010; Gary Hediger, President and CEO.

- May 1, 2010 - present; M. Patrick Carroll, CEO.

**Interrogatory No. 2**: Identify all officers, directors, employees or representatives of Hediger that have or may have any knowledge, information or documentation regarding: a) the "Asset Purchase Agreement" between Defendant Carroll Property Management, LLC ("Carroll") and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger

9357551 v6

in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August, 2010.

**Response to Interrogatory No. 2**: Hediger objects to this Interrogatory as overbroad and unduly burdensome. Hediger further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Hediger responds as follows: Gary Hediger and Dean Walden.

**Interrogatory No. 3**: Identify all individuals and/or entities hired, retained, employed or otherwise associated with Hediger that have or may have knowledge, information or documentation regarding any of the items set forth in Interrogatory No. 2 (a) – (e).

**Response to Interrogatory No. 3**: Hediger objects to this Interrogatory as overbroad and unduly burdensome. Hediger further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Hediger responds as follows: See response to Interrogatory Number 2 above.

**Interrogatory No. 4**:  Identify all officers, directors, employees or representatives of Hediger that have or may have knowledge regarding the management or operation of the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee and known as the Highland Creek Apartments (the "Apartments").

**Response to Interrogatory No. 4**: Hediger objects to this Interrogatory as overbroad and unduly burdensome. Hediger further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

9357551 v6

Subject to and without waiving said objections, Hediger responds as follows: Gary Hediger, Dean Walden, and Robert Hediger.

**Interrogatory No. 5**: Identify all individuals and/or entities hired, retained, employed or otherwise associated with Hediger that have or may have knowledge regarding the management or operation of the Apartments.

**Response to Interrogatory No. 5**: Hediger objects to this Interrogatory as overbroad and unduly burdensome. Hediger further objects that this Interrogatory seeks information neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Hediger responds as follows: See response to No. 4 above.

**Interrogatory No. 6**: Identify any and all facts and/or documents which Hediger contends supports its Tenth Affirmative Defense that the misrepresentations alleged by Forest Creek pertained to "facts known or reasonably discoverable by Plaintiff or Plaintiff's predecessor-in-interest."

**Response to Interrogatory No. 6**: Hediger objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Hediger's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Hediger states that, pursuant to Rule 33.02, Hediger will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 7**: Identify any and all facts and/or documents which Hediger contends supports its Fourteenth Affirmative Defense regarding the "fault or negligence of other parties to this suit or parties not named in this suit," and specifically identify any and all such parties or non-parties.

4

**Response to Interrogatory No. 7**: Hediger objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Hediger's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Hediger states that, pursuant to Rule 33.02, Hediger will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 8**: Identify any and all facts and/or documents which Hediger contends supports its Fifteenth Affirmative Defense that the damages sustained by Forest Creek were directly and proximately caused by "the acts, omissions, and/or acts of negligence of third parties....," and specifically identify any and all such third parties.

**Response to Interrogatory No. 8**: Hediger objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Hediger's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Hediger states that, pursuant to Rule 33.02, Hediger will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 9**: Identify any and all facts and/or documents which Hediger contends supports its Sixteenth Affirmative Defense that the damages sustained by Forest Creek "arose from an intervening or superseding act or cause," and specifically identify any and all such cause(s).

**Response to Interrogatory No. 9**: Hediger objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks

9357551 v6

discovery of certain of Hediger's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Hediger states that, pursuant to Rule 33.02, Hediger will supplement its answers to this Interrogatory once it has had a reasonable amount of time to conduct an investigation and discovery in this matter.

**Interrogatory No. 10**: Identify each person or person supplying information used to prepare Hediger's answers to these First Set of Interrogatories, and as to each person so identified, indicate the number of the Interrogatory, or part thereof, as to which the person supplied the information.

**Response to Interrogatory No. 10**: Hediger objects to this Interrogatory because it seeks information protected under the attorney-client privilege. Further, this Interrogatory seeks discovery of certain of Hediger's or its counsel's mental impressions, calculations, conclusions, opinions or legal theories or other such material or information which may constitute work product prepared in anticipation of litigation.

Subject to and without waiving said objections, Hediger responds as follows: M. Patrick Carroll and Larry Greenway assisted Hediger's counsel in the preparation of the interrogatory responses set forth herein.

## RESPONSES TO REQUESTS

**Request No. 1**: Produce all correspondence, memoranda, letters, emails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communications(s), concerning, relating to or in any way connected with a) the "Asset Purchase Agreement" between Carroll and Miles Properties, Inc. dated August 2, 2010; b) the "Asset Management Agreement" between MPI Coventry Village, LLC and Miles Properties, Inc.; c) Carroll's acquisition of Hediger in or around May, 2010; d) the assignment of the Asset Purchase Agreement from Carroll to Hediger in or around August, 2010; and e) the assignment of the Asset Management Agreement between Miles Properties, Inc. and Hediger in or around August 2010.

9357551 v6

**Response to Request No. 1**:  Hediger objects that this Request seeks documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Hediger is producing the Asset Purchase Agreement, the Carroll-Hediger purchasing agreement, and the assignment of the Asset Purchase Agreement from Carroll to Hediger. Hediger does not have a copy of the agreement between MPI Coventry Village and Miles Properties in its records, but Plaintiff attached this agreement to its Amended Complaint. (See Ex. A to Am. Compl.)

**Request No. 2**: Produce all correspondence, memoranda, letters, emails, instant messages, or other documents, of any kind or nature, whether generated, created or stored electronically or otherwise, or sent as attachments to any form of electronic communication(s), concerning, relating to or in any way connected with the management or operation of the Apartments.

**Response to Request No. 2**: Hediger objects to this Request as overbroad and unduly burdensome. Hediger further objects that this Request seeks documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the discovery of admissible evidence. Hediger further objects to this Request because it seeks information protected from disclosure under the attorney-client privilege and work product doctrine.

Subject to and without waiving said objections, Hediger is producing certain non-privileged documents that are within its possession, custody, and control.

**Request No. 3**:  Produce all documents referring to, relating to or in any way connected with any of Hediger's Responses to Forest Creek's First Set of Interrogatories.

**Response to Request No. 3**: Hediger objects to this request as vague and ambiguous. Hediger further objects to this Request as overbroad and unduly burdensome and as seeking documents neither relevant to the claims or defenses at issue nor reasonably calculated to lead to the

7

9357551 v6

discovery of admissible evidence. Hediger further objects to this Request because it seeks information protected from the attorney-client privilege and work product doctrine.

Subject to and without waiving said objections, see documents produced herewith.

This 20th day of May, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

/s/ Nicoson

D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)

80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

9357551 v6

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

> Adam Nahmias
> Law Offices of Libby & Nahmias
> 150 Court Avenue
> Memphis, Tennessee 38103
> adam@lnlawmemphis.com

This the **20th** day of May, 2015.

_Jeff Nicoson_

D. Scott Bennett
Jeffrey E. Nicoson

9

9357551 v6

## VERIFICATION

STATE OF  Georgia          )
                           )
COUNTY OF  Fulton          )


      I, M. Patrick Carroll , being duly sworn on oath, depose and state as follows:

      That I serve as  C E O          for *Hediger Enterprises, Inc.*. and in that capacity I execute these **Responses to Plaintiff's First Set of Interrogatories**. The information in such answers is not necessarily personally known to me, but has been obtained from investigations by other persons whom I believe reliable and capable of ascertaining the facts stated in said answers. On the basis of these investigations, and to the best of my information and belief, the matters set forth in said answers are true and correct.


                        Hediger Enterprises Inc.

By: _____
          Signature

          M. Patrick Carroll
          Printed Name

Its:    C E O


SUBSCRIBED AND SWORN to before me on this 18th day of  May , 2015.


          Maria C Vera
          Notary Public

My Commission Expires:

September 29, 2017

# 17

ELECTRONICALLY FILED
2015 Jul 15 AM 10:32
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF FOREST CREEK TOWNHOMES, LLC

Defendant Carroll Property Management, LLC ("Carroll"), pursuant to Rules 26, 33, 34 and 36 of the Tennessee Rules of Civil Procedure, hereby serves its First Requests for Admissions (the "Admissions") to Plaintiff Forest Creek Townhomes, LLC as follows:

### DEFINITIONS

1.    "Plaintiff" or "Forest Creek" shall mean Forest Creek Townhomes, LLC, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

2.    "Carroll" shall mean Defendant Carroll Property Management, LLC and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers,

1

directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

3.      "Hediger" shall mean Defendant Hediger Enterprises, Inc. and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

4.      "Defendants" shall mean Carroll and Hediger.

5.      "MPI Coventry Village" shall mean MPI Coventry Village, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

6.      "Miles Properties" shall mean Miles Properties, Inc. and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

9543287 v3

7.      "Highland Creek Acquisition" shall mean Highland Creek Acquisition, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

8.      "Property" or "Highland Creek Apartments" shall mean the apartment complex, located at 1305 Turkey Run Lane, Memphis, Tennessee.

9.      "Management Agreement" shall mean that certain Asset Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, and attached to the Amended Complaint as Exhibit A.

10.      "Asset Purchase Agreement" shall mean that certain Asset Purchase Agreement, between Carroll and Miles Properties, entered into in 2010 and subsequently assigned to Hediger.

11.      "And," "or," "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete responses and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

12.      "Person" shall mean any individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, or any other business entity, United States government, state, county, municipality, commission, specific district, or any other subdivision of the federal, state or local government.

13.      "Relate(s)," "refer(s)," "regarding," "relating to" or "concerning" shall mean relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning,

9543287 v3

constituting and/or supporting, directly or indirectly, in whole or in part, the subject matter of the particular request.

14. "Document" is used with the fullest meaning and includes any and all manner of written, typed, printed, reproduced, photographed, filmed, or recorded materials, and all plans, drawings, models, or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each interrogatory or document request. Moreover, the term includes, but is not limited to the following items:

a. Papers, books, journals, ledgers, statements, memoranda, reports, records, checks, drafts, money orders, invoices, receipts, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, lists, logs, publications, advertisements or press releases, instructions, minutes, notes or records of board meetings, orders, messages, e-mail, notes or records of telephone conversations or interviews, resumes, studies, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, visual tapes, transcriptions of tapes or recordings, opinions or reports of consultants, appraisals, samples and other specimens, computer tapes, disks, printouts and other data compilations of any nature whatsoever, or any other writings, or tangible things in which any writing, typing, printing, photostatic, or other forms of communication that are recorded or reproduced are contained, as well as all notations on the foregoing.

b. Originals and all other copies not absolutely identical or original; and

9543287 v3

    c. All drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with such document, whether used or not.

## INSTRUCTIONS

1.    Carroll hereby incorporates by reference the instructions set forth in Tennessee Rules of Civil Procedure 36.

2.    Each Request is addressed to the personal knowledge of Forest Creek as well as the knowledge or information of its subsidiaries, parents, affiliates, predecessors, officers, directors, shareholders, members, partners, investors, employees, agents, consultants, accountants, auditors and lawyers, and all other persons or entities who are acting or who have acted on its behalf, unless otherwise specifically stated.

3.    In the event that Forest Creek objects to any request on the basis of a claim of privilege, identify such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## REQUESTS FOR ADMISSIONS

**Request No. 1**: Admit that Defendant Carroll and Highland Creek Acquisition never entered into any agreement regarding the Property.

**Response**:

**Request No. 2**: Admit that Defendant Hediger and Highland Creek Acquisition never entered into any agreement regarding the Property.

**Response**:

**Request No. 3**: Admit that you and Defendant Carroll never entered into any agreement regarding the Property.

9543287 v3

**Response:**

**Request No. 4**: Admit that you and Defendant Hediger never entered into any agreement regarding the management of the Property.

**Response:**

**Request No. 5**: Please admit that the Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, as attached to the Amended Complaint as Exhibit A is a true and correct copy.

**Response:**

**Request No. 6**: Admit that Forest Creek was not a party to the Management Agreement.

**Response:**

**Request No. 7**: Admit that Highland Creek Acquisition was not a party to the Management Agreement.

**Response:**

**Request No. 8**: Admit that Forest Creek is not a successor of MPI Coventry Village.

**Response:**

**Request No. 9**: Admit that Highland Creek Acquisition is not a successor of MPI Coventry Village.

**Response:**

**Request No. 10**: Admit that MPI Coventry Village did not assign the Management Agreement to Forest Creek.

**Response:**

**Request No. 11**: Admit that MPI Coventry Village did not assign the Management Agreement to Highland Creek Acquisition.

9543287 v3

**Response**:

**Request No. 12**: Admit that Highland Creek Acquisition, on or around September 27, 2011, purchased the Property from MPI Coventry Village for One Million Two Hundred Fifty Thousand Dollars ($1,250,000).

**Response**:

**Request No. 13**: Admit that Highland Creek Acquisition, prior to purchasing the Property, conducted due diligence on the Property independent of Defendants' representations.

**Response**:

**Request No. 14**: Admit that Highland Creek Acquisition was aware of water infiltration in certain units of the Property on or before September 27, 2011.

**Response**:

**Request No. 15**: Admit that Highland Creek Acquisition was aware of the loss of copper piping on the Property on or before September 27, 2011.

**Response**:

**Request No. 16**: Admit that Highland Creek Acquisition was aware of mold existing in certain units of the Property on or before September 27, 2011.

**Response**:

**Request No. 17**: Admit that Forest Creek purchased the Property through a November 16, 2011 foreclosure sale.

**Response**:

**Request No. 18**: Admit that Forest Creek, prior to purchasing the Property, conducted due diligence on the Property independent of Defendants' representations.

**Response**:

7

9543287 v3

**Request No. 19**: Admit that Forest Creek accepted title to the Property in an "as-is, where-is" condition, as reflected in the Substitute Trustee's Deed dated November 29, 2011 and attached hereto as Exhibit "A".

**Response**:

**Request No. 20**: Admit that Forest Creek was aware of water infiltration in certain units of the Property on or before November 16, 2011.

**Response**:

**Request No. 21**: Admit that Forest Creek was aware of the loss of copper piping on the Property on or before November 16, 2011.

**Response**:

**Request No. 22**: Admit that Forest Creek was aware of mold existing in certain units of the Property on or before November 16, 2011.

**Response**:

**Request No. 23**: Admit that Forest Creek purchased the Property through a November 16, 2011 foreclosure sale.

**Response**:


This 15th day of July, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)
80 Monroe Avenue, Suite 800

8

9543287 v3

Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam Nahmias
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee 38103
adam@lnlawmemphis.com

This the 15th day of July, 2015.

D. Scott Bennett
Jeffrey E. Nicoson

9

9543287 v3

# 18

ELECTRONICALLY FILED
2015 Jul 15 AM 10:31
CLERK OF COURT - CHANCERY

### IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S
### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FOREST
### CREEK TOWNHOMES, LLC

Defendant Carroll Property Management, LLC ("Carroll"), pursuant to Rules 26, 33, 34 &

36 of the Tennessee Rules of Civil Procedure, serves its First Request for Production of

Documents (the "Requests") and hereby requests that Plaintiff Forest Creek Townhomes, LLC

respond to the following Requests for Production of Documents in writing within thirty (30) days

after service of same:

### DEFINITIONS

All terms contained in Plaintiff's Amended Complaint shall have the meanings ascribed

to them therein, or by the context contained therein, unless otherwise defined herein.  In addition,

the following definitions shall be applicable to these Requests:

1.    "Plaintiff" or "Forest Creek" shall mean Forest Creek Townhomes, LLC, its

predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates,

predecessors, successors and assignees, its present and former officers, directors, shareholders,

1

partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

2.      "Carroll" shall mean Defendant Carroll Property Management, LLC and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

3.      "Hediger" shall mean Defendant Hediger Enterprises, Inc. and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

4.      "Defendants" shall mean Carroll and Hediger.

5.      "MPI Coventry Village" shall mean MPI Coventry Village, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

6.      "Miles Properties" shall mean Miles Properties, Inc. and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents,

9542360 v4

affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

7.     "Highland Creek Acquisition" shall mean Highland Creek Acquisition, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

8.     "Property" or "Highland Creek Apartments" shall mean the apartment complex, located at 1305 Turkey Run Lane, Memphis, Tennessee.

9.     "Management Agreement" shall mean that certain Asset Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, and attached to the Amended Complaint as Exhibit A.

10.     "Asset Purchase Agreement" shall mean that certain Asset Purchase Agreement, between Carroll and Miles Properties, entered into in 2010 and subsequently assigned to Hediger.

11.     "And," "or," "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete responses and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

12.     "Person" shall mean any individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, or any other business entity, United States

3

government, state, county, municipality, commission, specific district, or any other subdivision of the federal, state or local government.

13.     "Relate(s)," "refer(s)," "regarding," "relating to" or "concerning" shall mean relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly or indirectly, in whole or in part, the subject matter of the particular request.

14.     "Document" is used with the fullest meaning and includes any and all manner of written, typed, printed, reproduced, photographed, filmed, or recorded materials, and all plans, drawings, models, or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each interrogatory or document request.   Moreover, the term includes, but is not limited to the following items:

    a. Papers, books, journals, ledgers, statements, memoranda, reports, records, checks, drafts, money orders, invoices, receipts, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, lists, logs, publications, advertisements or press releases, instructions, minutes, notes or records of board meetings, orders, messages, e-mail, notes or records of telephone conversations or interviews, resumes, studies, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, visual tapes, transcriptions of tapes or recordings, opinions or reports of consultants, appraisals, samples and other specimens, computer tapes, disks, printouts and other data compilations of any nature

9542360 v4

whatsoever, or any other writings, or tangible things in which any writing, typing, printing, photostatic, or other forms of communication that are recorded or reproduced are contained, as well as all notations on the foregoing.

b. Originals and all other copies not absolutely identical or original; and

c. All drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with such document, whether used or not.

## INSTRUCTIONS

1. Each Request is addressed to the personal knowledge of Forest Creek as well as the knowledge or information of its subsidiaries, parents, affiliates, predecessors, officers, directors, shareholders, members, partners, investors, employees, agents, consultants, accountants, auditors and lawyers, and all other persons or entities who are acting or who have acted on its behalf, unless otherwise specifically stated.

2. If any portion of a document is responsive to any Request, the entire document must be produced.

3. If Plaintiff objects to part of any Request and refuses to produce documents in response to that part, state the objection and produce documents to the remaining portion of that Request.

4. If Plaintiff objects to the scope or time period of any Request and refuses to produce documents for that scope or time period, state the objection and produce documents for the scope of time period believed to be appropriate.

5. If Plaintiff cannot produce all documents responsive to any Request after exercising due diligence to secure such documents, please so state and produce the documents available, and state whatever information Plaintiff has concerning the documents Plaintiff did not

5

9542360 v4

produce.  If Plaintiff's response or production is qualified in any particular way, please set forth the details of such qualifications.

6.     In the event that a document responsive to any request is withheld on the basis of a claim of privilege, provide a written description of each such document identifying (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author, recipient and other persons who received the document; and (v) the basis for the claim of privilege.

7.     All documents must be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes or other containers or bindings in which such documents are found are to be produced intact, including the title, label, or other description of each such folder, box or binding container.

8.     All documents that cannot be legibly copied must be produced in their original form.

9.     The singular form of a word used herein shall be construed to mean the plural and the plural to mean the singular when doing so would ensure the provision of additional information or more complete answers and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

10.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.  Further, any request for a document contained herein extends to any draft of such document, whether or not drafts are specifically referenced in a particular request.

11.    All electronic documents shall be produced in their native format.

6

9542360 v4

## REQUESTS FOR DOCUMENTS

**Request No. 1**: All documents regarding Highland Creek Acquisition's purchase of the Property from MPI Coventry Village. Documents responsive to this request would include, without limitation, any asset purchase agreements and any closing statements.

**Response**:

**Request No. 2**: All documents evidencing any due diligence or investigations performed by Highland Creek Acquisition (or its agents or attorneys) regarding the purchase of the Property from MPI Coventry Village.

**Response**:

**Request No. 3**: All correspondence between Highland Creek Acquisition (or its agents or attorneys) and any other person regarding the Property.

**Response**:

**Request No. 4**: All correspondence between Forest Creek (or its agents or attorneys) and any other person regarding the Property.

**Response**:

**Request No. 5**: Documents sufficient to show the persons or entities who were involved in the management of the Property after September 28, 2011.

**Response**:

**Request No. 6**: All documents related to or evidencing the purported assignment by Highland Creek Acquisition of its right, title and interest in the Property or the Management Agreement to Forest Creek.

**Response**:

9542360 v4

**Request No. 7**: All documents related to or evidencing the existence of any agreements between Highland Creek Acquisition and Forest Creek.

**Response**:

**Request No. 8**: Documents sufficient to show the members of Forest Creek. To the extent any members of Forest Creek are limited liability companies, partnership, limited partnership, or limited liability partnerships, produce documents sufficient to show the members or partners of each such entity.

**Response**:

**Request No. 9**: All documents related to the damages Plaintiff seeks to recover.

**Response**:

**Request No. 10**: All documents evidencing Defendant Carroll's purported breach of the Management Agreement.

**Response**:

**Request No. 11**: All documents evidencing Defendant Hediger's purported breach of the Management Agreement.

**Response**:

**Request No. 12**: All documents related to or evidencing the existence of an agreement between either of the Defendants and Highland Creek Acquisition.

**Response**:

**Request No. 13**: All documents related to or evidencing the existence of an agreement between either of the Defendants and Plaintiff.

**Response**:

9542360 v4

**Request No. 14**: All documents related to or evidencing any information allegedly provided by either of the Defendants to Highland Creek Acquisition regarding the Property.

**Response**:

**Request No. 15**: All documents related to or evidencing any information allegedly provided by either of the Defendants to Plaintiff regarding the Property.

**Response**:

**Request No. 16**: All documents you or Highland Creek Acquisition relied upon in connection with making the decision to acquire the Property.

**Response**:

**Request No. 17**: All photographs, video recordings or other visual depictions of the Property.

**Response**:

**Request No. 18**: All documents relating to any payments made by you or Highland Creek Acquisition to any Defendant in this action.

**Response**:

**Request No. 19**: All documents evidencing any demands or claims made by you or Highland Creek Acquisition against any other parties related to the Property. Documents responsive to this request would include, but not be limited to, demand letters, notices to insurers, arbitration demands or complaints filed against any third-party regarding the Property.

**Response**:

**Request No. 20**: All documents relied upon by Highland Creek Acquisition and/or Forest Creek for the acquisition of the Property.

**Response**:

9542360 v4

**Request No. 21**: All documents related to or evidencing any inspection, analysis, appraisal, or assessment of the Property.

**Response**:

**Request No. 22**: All documents relating to any attempts by you to resell the Property, including, but not limited to, any listing agreements with any real estate agent.

**Response**:

**Request No. 23**: All tax bills and/or tax assessments relating to the Property.

**Response**:

**Request No. 24**: All documents constituting, evidencing, concerning, referring, or relating to any communications between you and any person or entity regarding the November 16, 2011 foreclosure sale of the Property.

**Response**:

**Request No. 25**: All documents summarizing the monthly gross income derived from and expenses attributed to the Property from September 27, 2011 through your response date and all documents supporting such summaries, including but not limited to, rent rolls, profit and loss statements, check registers, accounts payable, balance sheets, and bank statements.

**Response**:

**Request No. 26**: Any insurance policies insuring the Property or the damages claimed in this action.

**Response**:

**Request No. 27**: With regard to each expert witness Plaintiff consults with or retains in connection with this case, produce all documents evidencing any facts or data provided to the expert.

9542360 v4

**Response**:

**Request No. 28**: The résumé or curriculum vitae of each and every person whom you have retained or anticipate retaining as an expert witness in this case.

**Response**:

**Request No. 29**: All work papers, reports, evaluations, analysis, studies or memoranda of expert witnesses contacted or retained by you concerning this lawsuit.

**Response**:

**Request No. 30**: All documents relied upon in responding to any Interrogatories or Request for Admissions from Carroll in this case.

**Response**:

**Request No. 31**: All documents evidencing any due diligence or investigations performed by Plaintiff (or its agents or attorneys) regarding its acquisition of the Property.

**Response**:

**Request No. 32:** All documents relating to or evidencing the relationship (if any) between Highland Creek Acquisition and Plaintiff.

**Response**:

This 15th day of July, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

_Jeff Nicoson_

D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)
80 Monroe Avenue, Suite 800

11

9542360 v4

Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

> Adam Nahmias
> Law Offices of Libby & Nahmias
> 150 Court Avenue
> Memphis, Tennessee 38103
> adam@lnlawmemphis.com

This the 15th day of July, 2015.

D. Scott Bennett
Jeffrey E. Nicoson

9542360 v4

12

**19**

ELECTRONICALLY FILED
2015 Jul 15 AM 10:27
CLERK OF COURT - CHANCERY

**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF FOREST CREEK
## TOWNHOMES, LLC

Defendant Carroll Property Management, LLC ("Carroll"), pursuant to Rules 26, 33, 34, and 36 of the Tennessee Rules of Civil Procedure, serves its First Set of Interrogatories (the "Interrogatories") and hereby requests that Plaintiff Forest Creek Townhomes, LLC respond to the following Interrogatories in writing within thirty (30) days after service of same:

## DEFINITIONS

All terms contained in Plaintiff's Amended Complaint shall have the meanings ascribed to them therein, or by the context contained therein, unless otherwise defined herein. In addition, the following definitions shall be applicable to these Interrogatories:

1.      "Plaintiff" or "Forest Creek" shall mean Forest Creek Townhomes, LLC, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders,

1

partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

2.      "Carroll" shall mean Defendant Carroll Property Management, LLC and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

3.      "Hediger" shall mean Defendant Hediger Enterprises, Inc. and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

4.      "Defendants" shall mean Carroll and Hediger.

5.      "MPI Coventry Village" shall mean MPI Coventry Village, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

6.      "Miles Properties" shall mean Miles Properties, Inc. and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents,

2

affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

7.      "Highland Creek Acquisition" shall mean Highland Creek Acquisition, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

8.      "Property" or "Highland Creek Apartments" shall mean the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee and all portions thereof.

9.      "Management Agreement" shall mean that certain Asset Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, and attached to the Amended Complaint as Exhibit A.

10.      "Asset Purchase Agreement" shall mean that certain Asset Purchase Agreement, between Carroll and Miles Properties, entered into in 2010 and subsequently assigned to Hediger.

11.      "And," "or," "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete responses and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

12.      "Person" shall mean any individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, or any other business entity, United States

3

9543288 v4

government, state, county, municipality, commission, specific district, or any other subdivision of the federal, state or local government.

13.    "Relate(s)," "refer(s)," "regarding," "relating to" or "concerning" shall mean relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly or indirectly, in whole or in part, the subject matter of the particular request.

14.    "Document" is used with the fullest meaning and includes any and all manner of written, typed, printed, reproduced, photographed, filmed, or recorded materials, and all plans, drawings, models, or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each interrogatory or document request.   Moreover, the term includes, but is not limited to the following items:

    a.   Papers, books, journals, ledgers, statements, memoranda, reports, records, checks, drafts, money orders, invoices, receipts, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, lists, logs, publications, advertisements or press releases, instructions, minutes, notes or records of board meetings, orders, messages, e-mail, notes or records of telephone conversations or interviews, resumes, studies, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, visual tapes, transcriptions of tapes or recordings, opinions or reports of consultants, appraisals, samples and other specimens, computer tapes, disks, printouts and other data compilations of any nature

9543288 v4

whatsoever, or any other writings, or tangible things in which any writing, typing, printing, photostatic, or other forms of communication that are recorded or reproduced are contained, as well as all notations on the foregoing.

b. Originals and all other copies not absolutely identical or original; and

c. All drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with such document, whether used or not.

15. The terms "all" and "each" shall be construed as all and each.

16. The term "identify" or "identification" when used in reference to a natural person, means: (a) his or her full name; (b) his or her present or last known address and telephone number, including area code; and (c) his or her present or last employer, position, job title and job description.

17. The term "identify" or "identification" when used in reference to a corporation, partnership or other entity means: (a) its full name and state of formation; and (b) its present or last known address of its headquarters or principal place of business.

18. The term "identify" or "identification" when used in reference to an oral communication, means: (a) the type of communication; (b) the time, date and place of communication; (c) the identity of all persons speaking and all persons present at the time of the communication; (d) the approximate length of the communication; (e) the substance of the communication and (f) the identity of all documents that are referred to, concern or otherwise relate to the communication.

19. The term "identify" or "identification" when used in reference to a document, means: (a) a description of the document; (b) the date the document was created; (c) the identity of the person(s) who prepared the document; (d) the identity of any person(s) who received a

5

copy of the document; (e) manner of distribution of the document; and (f) the location(s) of the original document(s) and the identity of the present custodian(s).

20.    The term "identify" or "identification" when used in reference to a transaction, an act or an omission, means:  (a) a description of the transaction, act or omission; (b) when it occurred; (c) where it occurred; and (d) the identity of the person(s) performing or participating in the performance of said transaction, act (or in the case of an omission, failing to act).

## INSTRUCTIONS

1.    Each Interrogatory is addressed to the personal knowledge of Forest Creek as well as the knowledge or information of its subsidiaries, parents, affiliates, predecessors, officers, directors, shareholders, members, partners, investors, employees, agents, consultants, accountants, auditors and lawyers, and all other persons or entities who are acting or who have acted on its behalf, unless otherwise specifically stated.

2.    These interrogatories shall be deemed continuing so as to require Forest Creek to serve supplemental answers promptly if it or its attorneys obtain further information between the time the answers are served and the time of trial.

3.    If Forest Creek objects to part of any interrogatory and refuses to answer that part, state the objection and answer the remaining portion of that interrogatory.  If Forest Creek objects to the scope or time period of an interrogatory and refuses to answer for that scope or time period, state the objection and answer the interrogatory for the scope of time period believed to be appropriate.

4.    If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer the remainder, and state whatever

6

information Forest Creek concerning the unanswered portions. If Forest Creek's response is qualified in any particular, please set forth the details of such qualifications.

5.      Whenever a date, amount, computation or figure is requested, provide the exact date, amount, computation or figure, unless it is unknown. If it is unknown, provide the approximate or best estimate, and state that such date, amount, computation or figure is an approximation or estimation.

6.      If Forest Creek objects to responding to an Interrogatory under a claim of privilege, please provide the following:

   a.      the privilege rule being invoked (e.g., attorney client privilege);

   b.      the basis upon which the privilege is being asserted (e.g., why the attorney client privilege applies to the communication).

   c.      the general subject matter of the information being withheld;

   d.      the date of the document or oral communication;

   e.      if a document, its type (correspondence, memorandum, facsimile, etc.), custodian, location and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   f.      if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant.

9543288 v4

## INTERROGATORIES

**Interrogatory No. 1**:  Identify all persons known or believed by you to have knowledge of any facts, events, allegations, circumstances or issues relevant to this case and describe in detail the knowledge possessed by each person.

**Response**:

**Interrogatory No. 2**: State when Highland Creek Acquisition allegedly assigned all of its right, title and interest in the Property and Management Agreement to Plaintiff and identify any consideration Plaintiff provided Highland Creek Acquisition for the assignment.

**Response**:

**Interrogatory No. 3**: Identify every agreement between either of the Defendants and Highland Creek Acquisition and, with regard to each such agreement, state when it was entered into, its essential terms and identify every document evidencing its existence.

**Response**:

**Interrogatory No. 4**: Identify every agreement between either of the Defendants and Plaintiff and, with regard to each such agreement, state when it was entered into, its essential terms and identify every document evidencing its existence.

**Response**:

**Interrogatory No. 5**: Identify all documents either you or Highland Creek Acquisition received from either of the Defendants or MPI Coventry Village relating to the Property, including the date such document was received, the author of the document, a brief summary of the contents of the document and whether that document is currently in your possession, custody or control.

**Response**:

8

9543288 v4

**Interrogatory No. 6**: Identify each of the members of Forest Creek. To the extent any members of Forest Creek are limited liability companies, partnership, limited partnership, or limited liability partnerships, identify the members or partners of each such entity.

**Response**:

**Interrogatory No. 7**: Identify every instance in which Defendants allegedly breached the Management Agreement and, with regard to each such breach, state when the breach occurred, when you discovered the breach, who was involved in the breach and identify all documents that evidence the alleged breach.

**Response**:

**Interrogatory No. 8**: Identify each representation upon which you or Highland Creek Acquisition relied in connection with your acquisition of the Property or that you contend caused or contributed to your alleged damages. For each such representation, identify the specific person who made the representation, to whom the representation was made, the specific contents of the representation, the time and place of such representation, and how you contend that the representation was false or misleading.

**Response**:

**Interrogatory No. 9**: Identify each action taken by you or Highland Creek in furtherance of your or Highland Creek's due diligence prior to acquiring the Property.

**Response**:

**Interrogatory No. 10**: State whether you or Highland Creek consulted with any nonparty prior to or in connection with your purchase of the Property, and if so, identify each nonparty you consulted and the subject matter of the consultation.

**Response**:

9543288 v4

**Interrogatory No. 11**: Describe in detail the portion(s) of the Property that were allegedly neglected by Defendants, Defendants' relevant actions or omissions, the resulting damage to the Property, and any repairs or remediation necessary to cure such damage (e.g., mold occurred in Apartment A on Date B due to Defendant C's failure to disconnect water service, which required Company Z to remediate the mold on Date Y at a total cost of X).

**Response**:

**Interrogatory No. 12**: Identify the damages you seek to recover from the Defendants by providing the amount of damages, what claim the damages allegedly flow from (i.e., breach of contract or negligent misrepresentation), the type of the damages sought (e.g., compensatory, special damages, etc.), and how such damages are calculated.

**Response**:

**Interrogatory No. 13**: Identify each action you have taken to mitigate your alleged damages.

**Response**:

**Interrogatory No. 14**: Identify each person or entity that has managed the Property since September 28, 2011.  For each manager identified, state the start and end dates for each person/entity's management of the Property.

**Response**:

**Interrogatory No. 15**: If you contend that the Defendants have made a statement or statements (written or oral) concerning any matter or matters relevant to the issues raised in this case, which would constitute an admission against interest, then as to each such statement, summarize the substance of the statement and state the names and addresses of each person who made the statement and the date or dates the statement was allegedly made.

9543288 v4

**Response**:

**Interrogatory No. 16**: Identify all experts or consultants retained by Forest Creek with regard to this civil action and, with regard to each expert or consultant that Forest Creek intends to call as a witness to testify at the trial of this civil action, state the substance of the facts and opinions to be expressed by that expert, a summary of the grounds for each opinion, the qualifications of the expert, the compensation to be paid to the expert and a list of any other cases in which the expert has testified either at trial or in a deposition in the past four (4) years.

**Response**:

**Interrogatory No. 17**: Identify each person who participated in formulating Forest Creek's responses to these interrogatories, including without limitation, any person who provided information or documents reviewed in formulating Forest Creek's responses to any interrogatories.

**Response**:

This 15th day of July, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC

D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)
80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

11

9543288 v4

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Adam Nahmias
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee 38103
adam@lnlawmemphis.com

This the 15th day of July, 2015.

D. Scott Bennett
Jeffrey E. Nicoson

9543288 v4

**20**

SUBPOENA TO
TAKE DEPOSITION

*service by Sheriff*
*CH-14-1553*
*(E)*

S T A T E   O F   T E N N E S S E E
DUCES TECUM

**To the Sheriff of Shelby County - Greetings:**
**You are hereby commanded to summon:**

Custodian of Records:
MLG&W
Legal Department
220 S. Main
Memphis, TN 38103
Serve the registered agent for service of process

R E C E I V E D

JUL 2 3 2015

CHANCERY COURT

**\*\*\* Personally to be and appear on Friday, the 24th day of July, 2014, at 2:00 o'clock
P.M. at 150 Court Ave., 2nd Floor, Memphis, TN 38103, AND BRING WITH YOU (OR
MAIL):** Copies of any and all invoices, bills, records, correspondence or other materials
concerning, relating to or in any way connected with any units at the Highland Creek
Apartments/Townhomes located at 1350 Turkey Run Lane, Memphis, Tennessee 38116, for
the time periods of September 1, 2010 to September 31, 2011. Said Townhomes are
comprised of 458 total units.; **in the City of Memphis, then and there to testify and give
evidence by deposition on behalf of the Plaintiff in the case of FOREST CREEK
TOWNHOMES, LLC v. CARROLL PROPERTY MANAGEMENT, LLC; and HEDIGER
ENTERPRISES, INC.**

**This you will in no wise omit, under the penalty prescribed by law.
Herein fail not, and have you then and there this Writ.**

Tested and Issued _____8th_____ day of ___July_____, 2015.

**\*\*\*PLEASE COMPLY WITH SUBPOENA BY MAILING ALL REQUESTED RECORDS TO
ADAM M. NAHMIAS, Attorney, 150 Court Ave., 2nd Floor, Memphis, TN 38103, to be
received no later than the date indicated above.**

DONNA RUSSELL, Clerk
By _____, D.C.

SHERIFF OLDHAM
15 JUL 17 PM 4: 17

SCCO CIVIL/LEVY
2015 JUL 20 AM 9: 04
RECEIVED

STATE OF TENNESSEE                    AFFIDAVIT
COUNTY OF _SHELBY_

I, _C Nelson_ ATTORNEY/AGENT BEING DULY SWORN, MAKES OATH AS FOLLOWS: I HAVE PERSONALLY
SERVED _Jay Meacham Legal_ WITH A COPY OF THIS SUBPOENA ON THE _22ND_ DAY
                    (WITNESS)
OF _July_ , _2015_ , AT _720 S. Main_
                    (PLACE OF SERVICE)

ATTORNEY SIGNATURE
_C Nelson 0705_                    0910
AGENT SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ DAY OF _____, 20_____ .

MY COMMISSION EXPIRES:

_____

_____
NOTARY PUBLIC

DOCKET NO.:  CH-14-1553
Part III

Chancery Court
Shelby County, TN

FOREST CREEK TOWNHOMES, LLC.

V.

CARROLL PROPERTY MANAGEMENT, LLC et. al.

Came to hand _____ day of _____ 2015

and _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attorney   _Adam M. Nahmias_

Phone No.      (901) 343-0777

# 21

ELECTRONICALLY FILED
2015 Aug 14 AM 10:14
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| FOREST CREEK TOWNHOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CH-14-1553-3 |
| | ) | JURY DEMANDED |
| CARROLL PROPERTY MANAGEMENT, | ) | |
| LLC; and HEDIGER ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF PLAINTIFF FOREST CREEK TOWNHOMES, LLC TO DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW, Plaintiff, Forest Creek Townhomes, LLC (hereinafter "Forest Creek"), by and through counsel, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, and for its Response to the Request for Admissions propounded upon it by Defendant Carroll Property Management, LLC (hereinafter "Carroll"), would respectfully show and state as follows:

## REQUESTS FOR ADMISSIONS

**Request No. 1**:          Admit that Defendant Carroll and Highland Creek Acquisition never entered into any agreement regarding the Property.

**Response**:          Forest Creek objects to Request No. 1 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. Without waiving and subject to the foregoing, Forest Creek avers that Carroll, Defendant

1

Hediger Enterprises, Inc. ("Hediger"), and/or companies and entities affiliated with one or each of them, purchased and were assigned the right to provide services in connection with a "Management Agreement" dated July 10, 2007, by and between Miles Properties, Inc. and MPI Coventry Village, LLC, regarding management of the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee (the "Property"). Upon information and belief, Carroll, Hediger and/or its affiliated companies and entities, provided services pursuant to said Management Agreement. An entity known as "Highland Creek Acquisition, LLC" ("Highland Creek") purchased the Complex from MPI Coventry Village, LLC, on or about September 27, 2011. Subsequent to said purchase, and a foreclosure sale by Highland Creek's lender that took place on or about November 16, 2011, all of MPI's rights, title and interest in connection with said purchase, and the Property, were assigned to Forest Creek.

**Request No. 2**:      Admit that Defendant Hediger and Highland Creek Acquisition never entered into any agreement regarding the Property.

**Response**:            Forest Creek objects to Request No. 2 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. <u>See also</u> Response to Request No. 1 above.

**Request No. 3**:      Admit that you and Defendant Carroll never entered into any agreement regarding the Property.

**Response**:            Forest Creek objects to Request No. 3 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. <u>See also</u> Response to Request No. 1 above.

**Request No. 4**:      Admit that you and Defendant Hediger never entered into any agreement regarding the management of the Property.

2

**Response**:          Forest Creek objects to Request No. 4 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. <u>See also</u> Response to Request No. 1 above.

**Request No. 5**:          Please admit that the Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, as attached to the Amended Complaint as Exhibit A is a true and correct copy.

**Response**:          Upon information and belief, Forest Creek admits Request No. 5.

**Request No. 6**:          Admit that Forest Creek was not a party to the Management Agreement.

**Response**:          Forest Creek objects to Request No. 1 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. Without waiving and subject to the foregoing, Forest Creek avers that the Management Agreement is a legal document that speaks for itself. <u>See also</u> Response to Request No. 1 above.

**Request No. 7**:          Admit that Highland Creek Acquisition was not a party to the Management Agreement.

**Response**:          Forest Creek objects to Request No. 1 on the grounds that the term "agreement" is broad, ambiguous and calls for a legal conclusion as used in said Request. Without waiving and subject to the foregoing, Forest Creek avers that the Management Agreement is a legal document that speaks for itself. <u>See also</u> Response to Request No. 1 above.

**Request No. 8**:          Admit that Forest Creek is not a successor of MPI Coventry Village.

3

**Response**:               Forest Creek objects to Request No. 8 on the grounds that the term "successor" is broad, ambiguous and calls for a legal conclusion as used in said Request. Without waiving and subject to said objection, <u>see</u> Response to Request No. 1 above.

**Request No. 9**:          Admit that Highland Creek Acquisition is not a successor of MPI Coventry Village.

**Response**:               Forest Creek objects to Request No. 9 on the grounds that the term "successor" is broad, ambiguous and calls for a legal conclusion as used in said Request. Without waiving and subject to said objection, <u>see</u> Response to Request No. 1 above.

**Request No. 10**:         Admit that MPI Coventry Village did not assign the Management Agreement to Forest Creek.

**Response**:               Upon information and belief, Forest Creek denies Request No. 10.

**Request No. 11**:         Admit that MPI Coventry Village did not assign the Management Agreement to Highland Creek Acquisition.

**Response**:               Upon information and belief, Forest Creek denies Request No. 11.

**Request No. 12**:         Admit that Highland Creek Acquisition, on or around September 27, 2011, purchased the Property from MPI Coventry Village for One Million Two Hundred Fifty Thousand Dollars ($1,250,000).

**Response**:               Admitted.

**Request No. 13**:         Admit that Highland Creek Acquisition, prior to purchasing the Property, conducted due diligence on the Property independent of Defendants' representations.

**Response**:               Forest Creek objects to Request No. 13 on the grounds that the phrase "conducted due diligence on the Property independent of Defendants' representations" is broad, ambiguous and calls for a legal conclusion as used in said Request.  Without waiving and

4

subject to said objection, agents and/or representatives of Highland Creek inspected the Property prior to its purchase, but were only permitted access to those units that were not boarded and otherwise inaccessible. At the time of said inspection, agents and/or representatives of Carroll and/or Hediger disclosed that certain units had sustained water damage as a result of a flood near the Property, and that all mold and other damage caused by the flood had been remediated. Said agents and/or representatives of Carroll and/or Hediger also represented that no mold existed in any other units of the Complex. At no point in time were the agents and/or representatives of Highland Creek provided or given access to any of the units that had been boarded up and were otherwise inaccessible. The agents and/or representatives of Carroll and/or Hediger stated that these units had been boarded up to prevent vandalism.

**Request No. 14**:      Admit that Highland Creek Acquisition was aware of water infiltration in certain units of the Property on or before September 27, 2011.

**Response**:           Admitted, but only as to those units made available for inspection by the agents and/or representatives of Highland Creek. See also Response to Request No. 13.

**Request No. 15**:      Admit that Highland Creek Acquisition was aware of the loss of copper piping on the Property on or before September 27, 2011.

**Response**:           Denied. The agents and/or representatives of Highland Creek were only advised that units had been boarded up to prevent vandalism, but no specific mention was made regarding the theft of copper piping.

**Request No. 16**:      Admit that Highland Creek Acquisition was aware of mold existing in certain units of the Property on or before September 27, 2011.

**Response**:           Forest Creek objects to Request No. 16 on the grounds that the phrase "mold existing in certain units" is broad and ambiguous as used in said Request. Without

waiving and subject to said objection, Forest Creek denies Request No. 16. See Responses to Request Nos. 13 and 15.

**Request No. 17**:   Admit that Forest Creek purchased the Property through a November 16, 2011 foreclosure sale.

**Response**:   Admitted.

**Request No. 18**:   Admit that Forest Creek, prior to purchasing the Property, conducted due diligence on the Property independent of Defendants' representations.

**Response**:   Denied. See Responses to Request No. 13 and 15.

**Request No. 19**:   Admit that Forest Creek accepted title to the Property in an "as-is, where-is" condition, as reflected in the Substitute Trustee's Deed dated November 29, 2011 and attached hereto as Exhibit "A".

**Response**:   In response to Request No. 19, Forest Creek affirmatively avers that the "Substitute Trustee's Deed dated November 29, 2011" is a legal document that speaks for itself.

**Request No. 20**:   Admit that Forest Creek was aware of water infiltration in certain units of the Property on or before November 16, 2011.

**Response**:   Forest Creek objects to Request No. 20 on the grounds that the phrase "water infiltration in certain units" is broad and ambiguous as used in said Request. Without waiving and subject to said objection, Forest Creek denies Request No. 16. See Responses to Request Nos. 1, 13 and 15.

**Request No. 21**:   Admit that Forest Creek was aware of the loss of copper piping on the Property on or before November 16, 2011.

**Response**:   Denied. See Responses to Request Nos. 1, 13 and 15.

**Request No. 22**:     Admit that Forest Creek was aware of mold existing in certain units of the Property on or before November 16, 2011.

**Response**:     Denied. <u>See</u> Responses to Request Nos. 1, 13 and 15.

**Request No. 23**:     Admit that Forest Creek purchased the Property through a November 16, 2011 foreclosure sale.

**Response**:     Admitted.

Respectfully submitted,

ADAM M. NAHMIAS  #16227
Law Offices of Libby & Nahmias
150 Court, Second Floor
Memphis, Tennessee 38103
(901) 343-0777
**Attorneys for Plaintiff**

7

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of the foregoing via United States mail, postage prepaid, to the following parties, on this the 14th  day of August, 2015:

Steven J. Pritchett, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

Jeffrey E. Nicoson, Esq.
Leitner, Williams, Dooley &Napolitan
80 Monroe, Suite 800
Memphis, Tennessee 38103

Adam M. Nahmias