# EXHIBIT B

**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | |
|---|---|
| FOREST CREEK TOWNHOMES, LLC )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CARROLL PROPERTY MANAGEMENT, )<br>LLC; and HEDIGER ENTERPRISES,  )<br>INC.,  )<br>)<br>)<br>)<br>)<br>Defendants.  ) | No. CH-14-1553-3<br>JURY DEMANDED |

### DEFENDANT CARROLL PROPERTY MANAGEMENT, LLC'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF FOREST CREEK TOWNHOMES, LLC

Defendant Carroll Property Management, LLC ("Carroll"), pursuant to Rules 26, 33, 34, and 36 of the Tennessee Rules of Civil Procedure, serves its First Set of Interrogatories (the "Interrogatories") and hereby requests that Plaintiff Forest Creek Townhomes, LLC respond to the following Interrogatories in writing within thirty (30) days after service of same:

### DEFINITIONS

All terms contained in Plaintiff's Amended Complaint shall have the meanings ascribed to them therein, or by the context contained therein, unless otherwise defined herein. In addition, the following definitions shall be applicable to these Interrogatories:

1. "Plaintiff" or "Forest Creek" shall mean Forest Creek Townhomes, LLC, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders,

1

9543288 v4

partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

2. "Carroll" shall mean Defendant Carroll Property Management, LLC and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

3. "Hediger" shall mean Defendant Hediger Enterprises, Inc. and, unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

4. "Defendants" shall mean Carroll and Hediger.

5. "MPI Coventry Village" shall mean MPI Coventry Village, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

6. "Miles Properties" shall mean Miles Properties, Inc. and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents,

9543288 v4

affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

7. "Highland Creek Acquisition" shall mean Highland Creek Acquisition, LLC and unless otherwise specified, its predecessors in interest, its present and former divisions, subsidiaries, parents, affiliates, predecessors, successors and assignees, its present and former officers, directors, shareholders, partners, investors, employees, agents, consultants, board members, accountants, members, auditors and lawyers, and all other persons who are acting or who have acted on its behalf.

8. "Property" or "Highland Creek Apartments" shall mean the apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee and all portions thereof.

9. "Management Agreement" shall mean that certain Asset Management Agreement, between MPI Coventry Village and Miles Properties, dated July 10, 2007, and attached to the Amended Complaint as Exhibit A.

10. "Asset Purchase Agreement" shall mean that certain Asset Purchase Agreement, between Carroll and Miles Properties, entered into in 2010 and subsequently assigned to Hediger.

11. "And," "or," "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete responses and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

12. "Person" shall mean any individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, or any other business entity, United States

9543288 v4

government, state, county, municipality, commission, specific district, or any other subdivision of the federal, state or local government.

13.   "Relate(s)," "refer(s)," "regarding," "relating to" or "concerning" shall mean relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly or indirectly, in whole or in part, the subject matter of the particular request.

14.   "Document" is used with the fullest meaning and includes any and all manner of written, typed, printed, reproduced, photographed, filmed, or recorded materials, and all plans, drawings, models, or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each interrogatory or document request. Moreover, the term includes, but is not limited to the following items:

    a. Papers, books, journals, ledgers, statements, memoranda, reports, records, checks, drafts, money orders, invoices, receipts, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, lists, logs, publications, advertisements or press releases, instructions, minutes, notes or records of board meetings, orders, messages, e-mail, notes or records of telephone conversations or interviews, resumes, studies, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, visual tapes, transcriptions of tapes or recordings, opinions or reports of consultants, appraisals, samples and other specimens, computer tapes, disks, printouts and other data compilations of any nature

whatsoever, or any other writings, or tangible things in which any writing, typing, printing, photostatic, or other forms of communication that are recorded or reproduced are contained, as well as all notations on the foregoing.

    b. Originals and all other copies not absolutely identical or original; and

    c. All drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with such document, whether used or not.

15. The terms "all" and "each" shall be construed as all and each.

16. The term "identify" or "identification" when used in reference to a natural person, means: (a) his or her full name; (b) his or her present or last known address and telephone number, including area code; and (c) his or her present or last employer, position, job title and job description.

17. The term "identify" or "identification" when used in reference to a corporation, partnership or other entity means: (a) its full name and state of formation; and (b) its present or last known address of its headquarters or principal place of business.

18. The term "identify" or "identification" when used in reference to an oral communication, means: (a) the type of communication; (b) the time, date and place of communication; (c) the identity of all persons speaking and all persons present at the time of the communication; (d) the approximate length of the communication; (e) the substance of the communication and (f) the identity of all documents that are referred to, concern or otherwise relate to the communication.

19. The term "identify" or "identification" when used in reference to a document, means: (a) a description of the document; (b) the date the document was created; (c) the identity of the person(s) who prepared the document; (d) the identity of any person(s) who received a

9543288 v4

copy of the document; (e) manner of distribution of the document; and (f) the location(s) of the original document(s) and the identity of the present custodian(s).

20. The term "identify" or "identification" when used in reference to a transaction, an act or an omission, means: (a) a description of the transaction, act or omission; (b) when it occurred; (c) where it occurred; and (d) the identity of the person(s) performing or participating in the performance of said transaction, act (or in the case of an omission, failing to act).

## INSTRUCTIONS

1. Each Interrogatory is addressed to the personal knowledge of Forest Creek as well as the knowledge or information of its subsidiaries, parents, affiliates, predecessors, officers, directors, shareholders, members, partners, investors, employees, agents, consultants, accountants, auditors and lawyers, and all other persons or entities who are acting or who have acted on its behalf, unless otherwise specifically stated.

2. These interrogatories shall be deemed continuing so as to require Forest Creek to serve supplemental answers promptly if it or its attorneys obtain further information between the time the answers are served and the time of trial.

3. If Forest Creek objects to part of any interrogatory and refuses to answer that part, state the objection and answer the remaining portion of that interrogatory. If Forest Creek objects to the scope or time period of an interrogatory and refuses to answer for that scope or time period, state the objection and answer the interrogatory for the scope of time period believed to be appropriate.

4. If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer the remainder, and state whatever

9543288 v4

information Forest Creek concerning the unanswered portions. If Forest Creek's response is qualified in any particular, please set forth the details of such qualifications.

5. Whenever a date, amount, computation or figure is requested, provide the exact date, amount, computation or figure, unless it is unknown. If it is unknown, provide the approximate or best estimate, and state that such date, amount, computation or figure is an approximation or estimation.

6. If Forest Creek objects to responding to an Interrogatory under a claim of privilege, please provide the following:

    a. the privilege rule being invoked (e.g., attorney client privilege);

    b. the basis upon which the privilege is being asserted (e.g., why the attorney client privilege applies to the communication).

    c. the general subject matter of the information being withheld;

    d. the date of the document or oral communication;

    e. if a document, its type (correspondence, memorandum, facsimile, etc.), custodian, location and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    f. if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant.

## INTERROGATORIES

**Interrogatory No. 1**: Identify all persons known or believed by you to have knowledge of any facts, events, allegations, circumstances or issues relevant to this case and describe in detail the knowledge possessed by each person.

**Response**:

**Interrogatory No. 2**: State when Highland Creek Acquisition allegedly assigned all of its right, title and interest in the Property and Management Agreement to Plaintiff and identify any consideration Plaintiff provided Highland Creek Acquisition for the assignment.

**Response**:

**Interrogatory No. 3**: Identify every agreement between either of the Defendants and Highland Creek Acquisition and, with regard to each such agreement, state when it was entered into, its essential terms and identify every document evidencing its existence.

**Response**:

**Interrogatory No. 4**: Identify every agreement between either of the Defendants and Plaintiff and, with regard to each such agreement, state when it was entered into, its essential terms and identify every document evidencing its existence.

**Response**:

**Interrogatory No. 5**: Identify all documents either you or Highland Creek Acquisition received from either of the Defendants or MPI Coventry Village relating to the Property, including the date such document was received, the author of the document, a brief summary of the contents of the document and whether that document is currently in your possession, custody or control.

**Response**:

9543288 v4

**Interrogatory No. 6**: Identify each of the members of Forest Creek. To the extent any members of Forest Creek are limited liability companies, partnership, limited partnership, or limited liability partnerships, identify the members or partners of each such entity.

**Response**:

**Interrogatory No. 7**: Identify every instance in which Defendants allegedly breached the Management Agreement and, with regard to each such breach, state when the breach occurred, when you discovered the breach, who was involved in the breach and identify all documents that evidence the alleged breach.

**Response**:

**Interrogatory No. 8**: Identify each representation upon which you or Highland Creek Acquisition relied in connection with your acquisition of the Property or that you contend caused or contributed to your alleged damages. For each such representation, identify the specific person who made the representation, to whom the representation was made, the specific contents of the representation, the time and place of such representation, and how you contend that the representation was false or misleading.

**Response**:

**Interrogatory No. 9**: Identify each action taken by you or Highland Creek in furtherance of your or Highland Creek's due diligence prior to acquiring the Property.

**Response**:

**Interrogatory No. 10**: State whether you or Highland Creek consulted with any nonparty prior to or in connection with your purchase of the Property, and if so, identify each nonparty you consulted and the subject matter of the consultation.

**Response**:

9543288 v4

**Interrogatory No. 11**: Describe in detail the portion(s) of the Property that were allegedly neglected by Defendants, Defendants' relevant actions or omissions, the resulting damage to the Property, and any repairs or remediation necessary to cure such damage (e.g., mold occurred in Apartment A on Date B due to Defendant C's failure to disconnect water service, which required Company Z to remediate the mold on Date Y at a total cost of X).

**Response**:

**Interrogatory No. 12**: Identify the damages you seek to recover from the Defendants by providing the amount of damages, what claim the damages allegedly flow from (i.e., breach of contract or negligent misrepresentation), the type of the damages sought (e.g., compensatory, special damages, etc.), and how such damages are calculated.

**Response**:

**Interrogatory No. 13**: Identify each action you have taken to mitigate your alleged damages.

**Response**:

**Interrogatory No. 14**: Identify each person or entity that has managed the Property since September 28, 2011. For each manager identified, state the start and end dates for each person/entity's management of the Property.

**Response**:

**Interrogatory No. 15**: If you contend that the Defendants have made a statement or statements (written or oral) concerning any matter or matters relevant to the issues raised in this case, which would constitute an admission against interest, then as to each such statement, summarize the substance of the statement and state the names and addresses of each person who made the statement and the date or dates the statement was allegedly made.

9543288 v4

**Response**:

**Interrogatory No. 16**: Identify all experts or consultants retained by Forest Creek with regard to this civil action and, with regard to each expert or consultant that Forest Creek intends to call as a witness to testify at the trial of this civil action, state the substance of the facts and opinions to be expressed by that expert, a summary of the grounds for each opinion, the qualifications of the expert, the compensation to be paid to the expert and a list of any other cases in which the expert has testified either at trial or in a deposition in the past four (4) years.

**Response**:

**Interrogatory No. 17**: Identify each person who participated in formulating Forest Creek's responses to these interrogatories, including without limitation, any person who provided information or documents reviewed in formulating Forest Creek's responses to any interrogatories.

**Response**:

This 15th day of July, 2015.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

_____
D. Scott Bennett (TN Bar No. 015988)
Jeffrey E. Nicoson (TN Bar No. 027445)
80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
(901) 527-0214
(901) 527-8224 (fax)

11

9543288 v4

MORRIS, MANNING & MARTIN LLP
Simon R. Malko (*pro hac vice* admission pending; GA Bar No. 467190)
Steven J. Pritchett (*pro hac vice* admission pending; GA Bar No. 142309)
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorneys for Defendants Carroll Property Management, LLC, and Hediger Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

> Adam Nahmias
> Law Offices of Libby & Nahmias
> 150 Court Avenue
> Memphis, Tennessee 38103
> adam@lnlawmemphis.com

This the 15th day of July, 2015.

_____
D. Scott Bennett
Jeffrey E. Nicoson