UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

```
--------------------------------------------------X
                                                  :
FOREST CREEK TOWNHOMES, LLC,                      :
                                                  :
          Plaintiff,                              :        Case No. 2:15-cv-02577
                                                  :
vs.                                               :
                                                  :
CARROLL PROPERTY                                  :
MANAGEMENT, LLC, and HEDIGER                      :
ENTERPRISES, INC.,                                :
                                                  :
          Defendants.                             :
                                                  :
--------------------------------------------------X
```

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Carroll Property Management, LLC and Hediger Enterprises, Inc. ("Defendants"), by and through their attorneys, respectfully submit this memorandum of law in opposition to Plaintiff's Motion to Remand. For the reasons set forth below, the Court should deny Plaintiff's motion.

**PRELIMINARY STATEMENT**

Plaintiff's Motion to Remand is based on misstatements of both the governing law and the facts of this case. Plaintiff Forest Creek Townhomes, LLC argues Defendants had a duty to look beyond the pleadings in this case and speculate about the Plaintiff's citizenship. With regard to the facts, Plaintiff claims that there was adequate information in the public domain for Defendants to ascertain that this case was removable when it was originally filed. Plaintiff is wrong on both counts. There is no legal duty for Defendants to guess about Plaintiff's citizenship and there was no publicly available information from which Defendants could have determined

that this case was removable when it was first filed. Therefore, the Court should deny Plaintiff's motion.

## STATEMENT OF RELEVANT FACTS

Plaintiff originally filed its Complaint in the Shelby County Chancery Court on October 22, 2014, against Defendants and Carroll Management ("CMG"). (See Notice of Removal, Ex. A.1.) After granting Defendants and CMG a series of extensions to answer the Complaint, on February 5, 2015, Plaintiff filed an Amended Complaint which dropped CMG as a party. (Id. at Ex. A.8.) Thereafter, Defendants filed their Answer to the Amended Complaint on March 12, 2015. (Id. at Ex. A.12.)

Neither Plaintiff's Complaint nor its Amended Complaint identified the member(s) of Plaintiff or the states of citizenship. Instead, those pleadings merely alleged that Plaintiff is a "Tennessee limited liability company." Moreover, there was not (and still is not) publicly available information regarding the member(s) of Plaintiff or the state of citizenship for each such member. The information on file with the Tennessee Secretary of State and the Shelby County Registrar only identifies Plaintiff's principal address (in Nevada) and the address of its registered agent (in Tennessee). (See Plaintiff's Motion to Remand, Ex. A.) The identity or citizenship of Plaintiff's member(s) is not disclosed anywhere in the public domain.

Because the pleadings in this case do not clearly establish whether there is complete diversity, on July 15, 2015, Defendants served Plaintiff with written interrogatories, including a request that Plaintiff identify its members. (See Notice of Removal, Ex. B.) On August 26, 2015, counsel for Defendants received a letter from Plaintiff's counsel (the "Interrogatory Response Letter") that identified Plaintiff's sole member as Warren Ashman, a resident of California. (Id. at Ex. C.) Prior to receiving that letter, Defendant did not know (and could not have known) that

Mr. Ashman was Plaintiff's sole member or that he was a California resident. Defendants removed this case one week later on September 2, 2015.

## ARGUMENT

### A.      Deadline for Removal

There are two different deadlines for removing a case to federal court under 28 U.S.C. § 1446(b). First, where the case stated in the initial pleading is clearly removable, the notice of removal must be filed within 30 days of receipt of the initial pleading by the defendant. See 28 U.S.C. § 1446(b)(1). Alternatively, if the case stated in the initial pleading is not clearly removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one that is or has become removable." See 28.U.S.C. § 1446(b)(3).[1] The Sixth Circuit has explained that the intent of Section 1446(b)(3) "is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." Peters v. Lincoln Electric Co., 285 F.3d 456, 466 (6th Cir. 2002) (internal citations omitted).

Plaintiff takes the position that the first deadline applied and Defendants were required to remove this case within 30 days of receipt of the Complaint pursuant to Section 1446(b)(1). Specifically, Plaintiff argues that Defendants "had an obligation, plus ample time and opportunity, to 'ascertain' whether this matter was removable within said thirty day period." (See Motion to Remand Brief at p. 2.) As demonstrated below, Plaintiff is wrong. Sixth Circuit precedent is clear that the facts stated in Plaintiff's Complaint were legally insufficient to establish federal diversity jurisdiction. Moreover, Defendant had no obligation or duty to conduct

---

[1] Removal under Section 1446(b)(3) must be accomplished within one year of commencement of the case. See 28 U.S.C. § 1446(c).

independent research regarding Plaintiff's citizenship and, even if Defendants had such a duty, there was no publicly-available information regarding Plaintiff's citizenship. Instead, the first time Defendants could have ascertained that this case was removable was when they received the Interrogatory Response Letter on August 26, 2015. Because Defendants removed within 30 days of receipt of that document, removal was timely under 28 U.S.C. § 1446(b)(3).

**B.      The Facts Stated in the Pleadings Were Legally Deficient
         To Establish Federal Diversity Jurisdiction**

Plaintiff's Motion to Remand is based on the flawed premise that Defendants could have removed this case to federal court based on the facts stated in Plaintiff's Complaint. Specifically, Plaintiff asserts that, because the Complaint identified Plaintiff as a "Tennessee limited liability company" and because Defendant knew they were not Tennessee citizens, the facts stated in the Complaint sufficiently demonstrated diversity jurisdiction. (See Motion to Remand Brief at p. 2.) Numerous courts in this Circuit have held just the opposite; one does not simply get to rely on such an assumption. See, e.g., Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); EPC Commer. I LLC v. Bloomington Shopping Ctr. LLC, 2015 U.S. Dist. LEXIS 50779, at *2-3 (W.D. Tenn. Apr. 17, 2015). The "general rule is that all unincorporated entities-- of which a limited liability company is one--have the citizenship of each partner or member." Delay, 585 F.3d at 1005. In Delay, the Sixth Circuit held that the "parties erred in assuming that a limited liability company, like a corporation, is a citizen of the states of organization and principal place of business." Id. The court found that allegations that the plaintiff was a limited liability company organized under the laws of Illinois with its principal place of business in Illinois were "**deficient**" to establish federal diversity jurisdiction. Id. (emphasis added); see also Majors v. Bain Capital Partners, LLC, Case No. 3:10-0838, 2010 WL 4624258, at * 1 (M.D.

Tenn. Nov. 5, 2010) (holding that allegations regarding LLCs state of formation and principal office were "insufficient" to establish federal diversity jurisdiction).

In light of the foregoing, there can be no dispute that the allegations set forth in the Complaint in this case were legally insufficient to establish federal diversity jurisdiction. Plaintiff's pleadings were deficient as those did not affirmatively identify the citizenship of each member of the Plaintiff's pleadings. As such, Defendants were not required to remove this case within 30 days of receipt of the Complaint. In fact, had Defendants attempted to remove this case when it was originally filed, the case could and, most likely, would have been remanded. See Majors, 2010 WL 4624258, at * 1 (examining removal petition *sua sponte* and finding that allegations in removal petition did not demonstrate federal diversity jurisdiction); Kmet v. Household Life Ins. Co., Case No. 1:09 CV 1933, 2009 WL 3817869, at *2 (N.D. Ohio Nov. 13, 2009) (examining diversity jurisdiction *sua sponte* and remanding case were citizenship of the parties not clearly alleged).

## C.     Defendants Had No Duty to Research Plaintiff's Citizenship

As a fallback position, Plaintiff argues that, because diversity jurisdiction "could have existed" when the Complaint was filed, Defendants had a "duty to reasonably investigate" Plaintiff's citizenship and remove this case within 30 days of receipt of the Complaint. (See Motion to Remand Brief at pp. 6, 9.) That is not the law. To the contrary, the Sixth Circuit has held that "[t]he 30-day period in Section 1446(b)(1) starts to run **only if** the initial pleading contains solid and unambiguous information that the case is removable." Berera v. Mesa Medical Group, PLLC, 779 F.3d 352, 364 (6th Cir. 2015) (emphasis added). In Graves v. Standard Ins. Co., 66 F. Supp. 2d 920, 923 (W.D. Ky. 2014), the court explained the sound rationale for this rule:

> The Court does not sanction any effort to determine whether a defendant should have or could have inquired more diligently into unknown facts. That is not required. [. . .] [T]he inquiry here is based on the **actual writings** provided to Defendant, not what extra research or investigation it might have done. Otherwise courts would be constantly required to assess the diligence of a defendant's discovery within the first thirty days after a complaint. Clearly, that is not the standard.

(emphasis in original). Notably, all the other federal Courts of Appeals to have addressed the issue have held that the 30-day deadline to remove under Section 1446(b)(1) is only triggered by facts presented within the "four corners" of the pleadings. See Franklin American Mortg. Co. v. Eagle Nat. Bank, Case No. 3:10-cv-0069, 2010 WL 1628998, at *5 n.3 (M.D. Tenn. April 21, 2010) (citing Moore's Federal Practice § 107.30[3][f] (2015)). Franklin notes that all the Courts of Appeal that have considered the issue in published opinions, including the Second, Fifth, Seventh, Eighth, Ninth and Tenth Circuits[2], have held that the right to remove must be unequivocally apparent from the pleadings before the removal period is triggered. See id.

Plaintiff attempts to distinguish Berera and Graves on the ground that those cases addressed whether the initial pleading stated an amount in controversy over $75,000, not the citizenship of the parties. This is a distinction without a difference. Federal diversity jurisdiction requires two prongs: (i) complete diversity; and (ii) an amount in controversy over $75,000. See 28 U.S.C. § 1332. Berera and Graves both clearly stand for the proposition that, where initial pleading does not contain "solid and unambiguous information" about either of those two prongs, the 30-day removal time period does not start. Moreover, federal courts in this Circuit

---

[2]  See Moltner v. Starbucks Coffee Co., 624 F.2d 34, 38 (2d. Cir 2010); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399-400 (5th Cir. 2013); Walker v. Trailer Transit, Inc., 727 F.3d 819, 824-826 (7th Cir. 2013); In re Willis, 228 F.3d 896, 897 (8th Cir. 2000); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694-95 (9th Cir. 2005); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998).

and others have held that the 30-day removal period does not begin to run where the initial pleadings failed to clearly state the citizenship of the parties.

For example, in City of Albion v. Guaranty Nat. Insur. Co., 35 F. Supp. 2d 542 (W.D. Mich. 1998), the court held that the 30-day removal period under Section 1446(b)(1) was not triggered where "[t]here was nothing in the body of the complaint to put Defendants on notice that complete diversity existed between [the parties]." Id. at 547 (citing Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997)). Similarly, in Shonk Land Co., LLC v. Ark Land Co., 170 F. Supp. 2d 660 (S.D.W.V. 2001), a limited liability company filed a state court complaint alleging only its state of formation and principal place of business; not the citizenship of its members. The defendant served written discovery to determine citizenship of the plaintiff's members. Id. The defendant removed the case within 30 days of receiving the written discovery responses which first disclosed that plaintiff's members were citizens of different states than the defendant. Id. The plaintiff moved to remand and argued, as Plaintiff does in this case, that the defendant had a "duty" to investigate the plaintiff's citizenship. Id. The court rejected that argument and denied remand, holding that "we will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." Id. at 662 (citing Lovern, 121 F.3d at 162); see also Gaskin v. Sharp Electronics Corp., Case No. 2:05-CV-303, 2005 WL 2736442 (N.D. Ind. Oct. 24, 2005) (case was timely removed within 30 days of discovery response that first identified plaintiff's citizenship where complaint did not allege citizenship of plaintiff).

The cases cited by Plaintiff do not require a different result. For example, in Tolloty v. Republic Services, Inc., Case No. 5:11CV1644, 2012 WL 529881 (N.D. Ohio Feb. 17, 2012), the initial pleading did not adequately state facts to support diversity jurisdiction. During a

deposition in the case, however, facts emerged sufficient to put the defendants on notice that the case was removable. See id. Because the defendants failed to remove within 30 days of receipt of the deposition transcript, the case was remanded. See id. The facts of this instant case are distinguishable because Defendants in this case filed their removal within 30 days of receipt of the document (the Interrogatory Response Letter) that first put them on notice that this case was removable. See Williams v. Cracker Barrel Old Country Store, Inc., Case No. 01-109-JMH, 2006 WL 1793614, at * 4 (E.D. Ky. June 28, 2006) (remanding case where defendants did not remove within 30 days of deposition where it could have been ascertained that there was federal diversity jurisdiction).

The other cases relied upon by Plaintiff – Kuhn v. Brunswick, 871 F. Supp. 144 (N.D. Ga. 1994); Crews v. Nat'l Boat Owners Ass'n, Case No 2:05-cv-1057-MEF, 2006 WL 902269 (M.D. Ala. April 6, 2006); and Stokes v. Victory Carriers, Inc., 577 F. Supp. 9 (E.D Pa. 1983) – are no longer good law. Those cases granted remand motions because those cases were not removed within 30 days of the first defendant being served. The so-called "first served" rule was rejected by the Sixth Circuit[3] and has been subsequently abrogated by a revision to 28. U.S.C. § 1446(b)(2)(C). Moreover, the discussion in those cases regarding a defendant's supposed duty to investigate case can be traced back to a federal district court case from Hawaii – Kaneshiro v. North Am. Co. for Life and Health Insur., 496 F. Supp. 452, 462 (D. Hawaii 1980). Kaneshiro is no longer good law as the Ninth Circuit has expressly rejected its rationale. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 696 (9th Cir. 2009) ("[I]n the twenty-five years since [Kaneshiro] was decided, no federal circuit court of appeals has embraced its rationale.").

---

[3] See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532-535 (6th Cir. 1999) (adopting rule that 30-day removal period does not begin to run until the **last** defendant is served).

Instead, the Ninth Circuit "join[ed] with the other circuits that have adopted the same approach to indeterminate pleadings – the grounds for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. In short, Defendant was under no duty or obligation to perform independent research regarding Plaintiff's citizenship.

**D.     Defendants Could Not Have Ascertained Plaintiff's Citizenship
Prior to Receiving the Interrogatory Response Letter**

Even assuming *arguendo* that Defendants had a duty to look beyond the Complaint in an attempt to divine Plaintiff's citizenship, that information was not discoverable by Defendants prior to their receipt of the Interrogatory Response Letter. The corporate records attached to Plaintiff's Motion to Remand merely state that Plaintiff: (i) is organized under Tennessee law; (ii) has its principal place of business in Nevada; and (iii) has a single member. The foregoing information has no bearing whatsoever on Plaintiff's citizenship and there was not any information available to Defendants regarding the identity or citizenship of Plaintiff's member.

Nevertheless, Plaintiff argues that, because Plaintiff's main office was in Nevada and it was organized in Tennessee, Defendants should have speculated that Plaintiff's sole member was from one of those states. (See Motion to Remand Brief at p. 9.) That argument is unavailing for at least two reasons. First, "[s]peculation is insufficient to support removal." Martin v. Toyota Motor Sales U.S.A., Inc., Case No. 5:09-381-JMH, 2010 WL 147218 (E.D. Ky. Jan. 8, 2010). Second, it turns out that Plaintiff's sole member is not a citizen of either Nevada or Tennessee – he is a citizen of California. There is no reference to California in any of the publicly available records regarding Plaintiff. This fact underscores why Defendants were not required to guess regarding Plaintiff's citizenship. Plaintiff's sole member could just have easily have been a

citizen of Georgia or South Carolina – thereby destroying diversity. The Defendants could not simply make that assumption based on the lack of information in Plaintiff's pleadings.

As noted above, a case removed based on incomplete jurisdiction facts will be remanded. Majors, 2010 WL 4624258; Kmet, 2009 WL 3817869. In addition, a defendant who improperly removes a case without solid and unambiguous proof that there is complete diversity may be subject to sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1447(c). See e.g., P.H. Pachsen, SN Nielsen & Assoc. v. Gillen, Case No. 12 C 179, 2012 WL 130125 (N.D. Ill. Jan. 17, 2012) (awarding attorney's fees to plaintiff where defendant removed case without identifying citizenship of the parties); MTC Development Group, LLC v. Lewis, Case No. 11 C 7602, 2011 WL 5868236 (N.D. Ill. Nov. 20, 2011) (same). The court in City of Albion recognized this dilemma:

> If a defendant were required to file a notice of removal within 30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry or foregoing removal altogether. The statute did not intend to put a defendant to this choice.

35 F. Supp. 2d at 547 (quoting Lovern, 121 F.3d at 163).

In conclusion, Defendants did exactly what the law requires when faced with a complaint that did not sufficiently provide the information necessary to conclude the matter was removable. Defendants served discovery to determine the citizenship of the member(s) of Plaintiff's LLC and, pursuant to the information disclosed, removed this case within 30 days of receiving that information.

### E.    Defendant Did Not Unreasonably Delay Removal

Plaintiff's final argument is that Defendant unreasonably delayed in seeking discovery regarding Plaintiff's citizenship. That assertion is factually incorrect and legally irrelevant.

Defendants filed their answer in this case on March 12, 2015, and propounded written discovery approximately four months later. That was not an unreasonable delay.

Furthermore, the law is clear that Defendants had up to one year to ascertain whether the case was removable. See 28 U.S.C. § 1446(c). "The one-year bar gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint." Harris, 425 F.3d at 697; see also Lovern, 121 F.3d at 163 ("This [one-year] bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount of controversy."). Simply stated, there is no legal basis for imposing a stricter timetable on Defendants and Plaintiff fails to cite a single case to support its "delay" argument. In fact, one of the cases relied upon by Plaintiff undercut that argument. In Tolloty, 2012 WL 529881, at *1-2, the deposition that confirmed that the case was removable was not taken until nine months after the case was filed. The court nevertheless found that the receipt of that deposition transcript triggered the 30-day removal clock under 28 U.S.C. § 1446(b)(3). Id.

Because this case was removed within 30 days of Defendants' receipt of the Interrogatory Response Letter and within one year of the original filing of this case, removal was timely under 28 U.S.C. §§ 1446(b)(3) & 1446(c).

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

Respectfully submitted this 8th day of October, 2015.

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

**By:** **/s/ Jeffrey E. Nicoson**
      Jeffrey E. Nicoson (TN Bar No. 027445)
      80 Monroe Avenue, Suite 800
      Memphis, Tennessee 38103
      Tel.: (901) 527-0214
      Fax: (901) 527-8224

MORRIS, MANNING & MARTIN LLP

**By:** **/s/ Simon R. Malko**
      Simon R. Malko (admitted *pro hac vice*)
      Steven J. Pritchett (admitted *pro hac vice*)
      1600 Atlanta Financial Center
      3343 Peachtree Road, N.E.
      Atlanta, Georgia 30326
      Tel.: (404) 233-7000

      *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------------- X
                                                      :

FOREST CREEK TOWNHOMES, LLC,        :

                       :

        Plaintiff,                 :        Case No. 2:15-cv-02577

                       :

vs.                              :

                       :

CARROLL PROPERTY                :

MANAGEMENT, LLC, and HEDIGER      :

ENTERPRISES, INC.,             :

                       :

        Defendants.              :

                       :

---------------------------------------------------------------- X

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2015, I electronically filed the foregoing **Defendants'**

**Memorandum of Law in Opposition to Plaintiff's Motion to Remand** with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all attorneys of record

registered to receive such notices.

This the 8th day of October, 2015.

                                         /s/ Jeffrey E. Nicoson_____
                                         Jeffrey E. Nicoson