UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| FOREST CREEK TOWNHOMES, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) No. 2:15-cv-02577-JPM-tmp |
| v. | ) |
| | ) |
| CARROLL MANAGEMENT GROUP, LLC | ) |
| and HEDIGER ENTERPRISES, INC. | ) |
| | ) |
|     Defendants. | ) |

_____

ORDER DENYING PLAINTIFFS' MOTION TO REMAND
_____

Before the Court is Plaintiff Forest Creek Townhomes, LLC's Motion to Remand (ECF No. 12), filed September 28, 2015. For the reasons stated below, Plaintiff's Motion is DENIED.

I.    BACKGROUND

Plaintiff filed a Complaint in the Chancery Court of Tennessee for the Thirteenth Judicial District at Memphis on October 22, 2014, seeking damages for breach of contract and negligent misrepresentation relating to an asset management agreement regarding an apartment complex located at 1305 Turkey Run Lane, Memphis, Tennessee. (ECF No. 1-2.) Defendants removed this action to federal court on September 2, 2015. (Not. of Removal, ECF No. 1.)

On September 28, 2015, Plaintiff filed a Motion to Remand, arguing that the removal was untimely. (ECF No. 12.) Defendants filed a Response in Opposition on October 8, 2015. (ECF No. 16.) Defendants assert that they did not have solid and unambiguous evidence regarding diversity of citizenship until Plaintiff responded to Defendants' First Set of Interrogatories. (Id. at 4-5, 9-11.) Defendants argue that they did not have a duty to inquire as to Plaintiff's citizenship, and that even if they had, their own knowledge and the public record would have been inconclusive. (Id. at 5-9.) With leave of Court, Plaintiff filed a reply brief on October 22, 2015. (ECF No. 21.)

## II. LEGAL STANDARD AND ANALYSIS

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction in civil actions where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). When one of the parties is an LLC, it assumes the citizenship of each of its members. Varsity Brands, Inc. v. Star Athletica, LLC, 799 F.3d 468, 494 (6th Cir. 2015). "The party seeking removal bears the burden of demonstrating that the district court has original

jurisdiction." Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006) (citing Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757-58 (6th Cir. 2000); Conrad v. Robinson, 871 F.2d 612, 614 (6th Cir. 1989)).

"[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." Long, 201 F.3d at 757 (6th Cir. 2000) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'.

Shamrock Oil, 313 U.S. at 108-09. Consequently, "all doubts as to the propriety of removal are resolved in favor of remand." Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007) (alteration and internal quotation marks omitted).

Where the case stated in the initial pleading is removable on its face, the notice of removal must be filed within thirty days of receipt of the initial pleading by the defendant. See 28 U.S.C. § 1446(b)(1). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through

3

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Sixth Circuit has instructed that "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable . . . ." Holston v. Car. Freight Carriers Corp., 936 F.2d 573, 1991 WL 112809, at *3 (6th Cir. 1991) (per curiam). "When an initial pleading does not present solid and unambiguous information that the case is removable, but does at a minimum suggest removability, a burden is placed on the defendant to inquire about removability." Gascho v. Global Fitness Holdings, LLC, 863 F. Supp. 2d 677, 687 (S.D. Ohio 2012). "[T]he inquiry here is based on the actual writings provided to Defendant, not what extra research or investigation it might have done. . . . Otherwise courts would be constantly required to assess the diligence of a defendant's discovery within the first thirty days after a complaint." Graves v. Standard Ins. Co., 66 F. Supp. 3d 920, 923 (W.D. Ky. 2014) (alteration and emphasis omitted) (quoting Broaddus v. Walmart Stores E., LP, No. 3:13-CV-00832-H, 2013 WL 6511922, at *3 (W.D. Ky. Dec. 12, 2013)); see also Ritchie v. Capital Mgmt., LLC v. Gen. Elec. Capital Corp., 87 F. Supp. 3d 463, 469 (S.D.N.Y. 2015) (holding that,

4

where the initial pleading did not disclose the citizenship of the members of the plaintiff LLC, the 30-day period did not begin to run until after defendant determined that the parties were diverse); Intelligen Power Sys., LLC v. dVentus Techs. LLC, 73 F. Supp. 3d 378, 380-81 (S.D.N.Y. 2014) (same). "If a defendant were required to file a notice of removal within 30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry or forgoing removal altogether." City of Albion v. Guaranty Nat'l Ins. Co., 35 F. Supp. 2d 542, 547 (W.D. Mich. 1998) (quoting Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997)).

In the instant matter, the Complaint did not provide "solid and unambiguous information" as to Plaintiff's citizenship. Based on the information in their possession, Defendants could have deduced that Plaintiff was a Tennessee LLC that was based out of Las Vegas, Nevada, but Defendants could not have determined Plaintiff's citizenship. (See ECF No. 21-1.) Defendants had no duty to inquire further within the first thirty days after receiving the Complaint. Even if they had, however, the public record would have revealed only that Plaintiff's registered agent was located in Memphis, Tennessee,

and that Plaintiff's principal place of business was Las Vegas, Nevada. (See Ex. A, ECF No. 12-2.) It would have provided no additional insight into the citizenship of Plaintiff-LLC's member. Had Defendants attempted to remove this matter earlier, without conclusive evidence as to Plaintiff's citizenship, they would not have been able to set out adequate grounds for removal jurisdiction. See Smith, 505 F.3d at 405.

Because the Complaint did not reveal a basis for federal jurisdiction on its face, the thirty-day period for removal did not commence until Defendants received Plaintiff's responses to their Interrogatories on August 26, 2015. (Not. of Removal ¶ 6, ECF No. 1.) Defendants filed a notice of removal seven days later on September 2, 2015. (Id. ¶ 8.) As a result, Defendants' removal was timely.

## III. CONCLUSION

Because Defendants' removal was timely, this Court has subject matter jurisdiction in this case. Accordingly, Plaintiff's Motion to Remand is DENIED. Plaintiff should proceed to file a Response to Defendants' Motion for Judgment on the Pleadings (ECF No. 6) by November 27, 2015.

**IT IS SO ORDERED,** this 29th day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE